IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

OCT — 2 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

MARINA LaFLEUR, ET AL.

    Plaintiffs,

    v.                         CIVIL ACTION NO.: 2:12-cv-00363

DOLLAR TREE STORES, INC.

    Defendant.

### *MEMORANDUM OPINION & ORDER*

Before the Court is Plaintiffs' Motion for Equitable Tolling ("Motion for Equitable Tolling") and Defendant's Motion to Dismiss, or, in the Alternative, to Stay Count One and to Dismiss the Non-Illinois State Law Claims in Counts Two and Three of the Complaint ("Motion to Dismiss"). Also before the Court is Plaintiffs' Motion to Conditionally Certify a Fair Labor Standards Act Collective Action and to Authorize Notice to be Issued to the Class ("Motion for Conditional Certification"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b). For the reasons stated herein, **Plaintiffs' Motion for Equitable Tolling (ECF No. 26) is DENIED, Defendant's Motion to Dismiss (ECF No. 38)** as to FLSA claims related to "Assistant Store Managers" is **GRANTED WITH PREJUDICE** and **Defendant's Motion to Dismiss Plaintiffs' Non-Illinois State Law Claims is GRANTED WITHOUT PREJUDICE, and Plaintiffs' Motion for Conditional Certification and Notice (ECF No. 25) is GRANTED.**

# I. FACTUAL & PROCEDURAL HISTORY

Plaintiffs' LaFleur and Croy ("Plaintiffs") filed their Complaint in this case on November 28, 2011 before the United States District Court for the Northern District of Illinois. Comp. Intro. ¶I, Nov. 29, 2011, ECF No. 1. The Complaint alleges that Dollar Tree Stores, Inc. ("Dollar Tree") violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (the "IWPCA") by "requiring Hourly Associates and Assistant Managers to work "off the clock" without getting paid for that time and overtime." *Id.* ¶I 1-2. Plaintiffs also allege Dollar Tree violated the wage laws in forty-eight states and the District of Columbia but fail to specify by statute which laws have been violated. *Id.* The Plaintiffs bring their claims against Dollar Tree on behalf of themselves and all current and former "Hourly Associates" and "Assistant Store Managers." *Id.* ¶I 1.

On June 18, 2012, United States District Judge Marvin E. Aspen issued a memorandum opinion and order directing the case to be transferred to the Eastern District of Virginia. Mem. Op. Order 1, June 18, 2012, ECF No. 58. Pending at the time of the transfer of the case were motions for conditional certification of a collective action under the FLSA and for equitable tolling of the FLSA's statute of limitations, made by the Plaintiffs, and a motion by the Defendant to dismiss, the case. *Id.*

# II. LEGAL STANDARDS

## A. Doctrine of Equitable Tolling As Applied to the Fair Labor Standards Act

The FLSA "embodies a federal legislative scheme to protect covered employees from prohibited employer conduct." *Houston et. al. v. URS Corp. et al.*, 591 F. Supp. 2d 827, 831 (E.D.

Va. 2008). Generally, "the FLSA provides that an employer must pay an employee one and one-half times the employee's "regular rate" for all hours worked in excess of forty per week. The "regular rate" is the hourly rate that the employer pays the employee for the normal, non-overtime workweek. Normally, the regular rate is arrived at by dividing [the] total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked." *Lee v. Vance Executive Protection, Inc.*, 7 Fed.Appx. 160, 163 (4th Cir. 2001) (internal citations omitted). Claims under the Fair Labor Standards Act for unpaid minimum wages, unpaid overtime compensation, or liquidated damages are subject to a statute of limitations which requires parties to commence their case within two years of the accrual of the action. 29 U.S.C. § 255(a). However, if the cause of action arises out of a willful violation of the FLSA, a plaintiff is given three years to commence an action. *Id.* An action is considered "commenced" under the FLSA "on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought" or "if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced." 29 U.S.C. §§ 256(a), 256(b). As a result, a plaintiff that opts into a collective FLSA suit is limited to looking back two or three years for violations of the FLSA by their employer. A violation of the FLSA is considered "willful" if an employer either knew it was violating the FLSA or "showed reckless disregard" toward it. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). The burden of showing that an FLSA violation was "willful" falls on the plaintiff. *See Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011).

The doctrine of equitable tolling applies to all federal statutes of limitations. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). To determine whether to apply the doctrine, "the basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations ...." *Burnett v. N.Y. Central R.R. Co.*, 380 U.S. 424, 427 (1965). The Supreme Court has recognized that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held on a number of occasions that equitable tolling is an extraordinary remedy and that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Chao v. Virginia Dept. of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Under both U.S. Supreme Court and Fourth Circuit precedent, equitable tolling is deemed appropriate where: (1) "claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," or (2) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In addition to these recognized grounds, the Fourth Circuit also permits equitable tolling when (3) extraordinary circumstances beyond a plaintiff's control prevents timely filing of one's claims. *Chao*, 291 F.3d at 283. As indicated by *Irwin* Court, equitable tolling is not permitted when "where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 496 U.S. at 96.

**B. Motion to Dismiss Standard**

A motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8 only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a plaintiff still must provide the Court with more than a mere "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citation omitted). A complaint must be supported by factual allegations that raise a right to relief above the speculative level. *Id.* A claim is considered facially plausible when the plaintiff gives the court more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a lawsuit is filed in multiple forums, the Fourth Circuit generally adheres to the "First-to-File" rule, which holds that "the first suit should have priority, absent the showing of [a] balance of convenience in favor of the second action." *US Airways, Inc. v. US Airline Pilots Ass'n*, No. 3:11-cv-371-RJC-DKC, 2011 WL 3627698, at *1 (W.D.N.C. Aug. 17, 2011) (quoting *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594-95 (4th Cir. 2004)) (citations omitted). Furthermore, "[t]he first-to-file rule is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations. It is not surprising that federal courts consistently apply the first-to-file rule to overlapping wage and hour collective actions." *Ortiz v. Panera Bread Co.*, 1:10CV1424, 2011 U.S. Dist. LEXIS 85463, at *4-5 (E.D. Va. Aug. 2, 2011) (citations omitted).

## C. FLSA Collective Certification Standard

The FLSA allows a plaintiff alleging a violation of the statute to bring suit on her own

behalf or on behalf of other employees who are similarly situated. *See* 29 U.S.C. § 216(b). Section

216(b) of the FLSA expressly provides for the procedures for representative or class actions as

follows:

> An action to recover the liability prescribed . . . [under the FLSA] may be
> maintained against any employer (including a public agency) in any Federal or
> State court of competent jurisdiction by any one or more employees for and in
> behalf of himself or themselves and other employees similarly situated. No
> employee shall be a party plaintiff to . . . [a collective] action unless he gives his
> consent in writing to become such a party and such consent is filed in the court in
> which such action is brought. The court in such action shall, in addition to any
> judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee
> to be paid by the defendant, and costs of the action.

*Id.* Thus, collective certification under the FLSA requires: "(1) that the Plaintiffs in the class be

'similarly situated,' and (2) that the plaintiffs included in the class 'opt in' by filing with the Court

their consent to the suit." *Choimol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va.

2006).

The FLSA does not define "similarly situated" and Fourth Circuit has not yet applied a

standard for when plaintiffs are similarly situated in the context of an FLSA class certification

action. *Choimol*, 475 F. Supp. 2d at 562. However, federal courts, including this Court, have

developed a two-step analysis for establishing "similarly situated" plaintiffs and granting

conditional certification. *Id.* The first step is the notice stage, where "the district court decides

whether to provide initial notice of the action to potential class members." *Id.* If the court decides

to notify the class, potential plaintiffs may opt-in to the action. "[T]his determination is made using

a fairly lenient standard," because the court, and the parties, have minimal evidence at this point in

6

the proceedings. *Id.* (citations omitted). In general, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392 (D.N.J. 1988), *aff'd in part*, 862 F.2d 439, 444 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989). "Because the statute of limitations continues to run on unnamed class members' claims until they opt into the collective action . . . courts have concluded that the objectives to be served through a collective action justify the conditional certification of a class of putative plaintiffs early in a proceeding, typically before any significant discovery, upon an initial showing that the members of the class are similarly situated." *Houston*, 591 F. Supp. 2d. at 831.

On the other hand, the "similarly situated" requirement is not "invisible." *Houston*, 591 F. Supp. 2d. at 831 (citing, *inter alia, Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002))("Mere allegations will not suffice."). "There must be sufficient reason to believe that there are issues common to the proposed class that are central to the disposition of the FLSA claims and that such common issues can be substantially adjudicated without consideration of facts unique or particularized as to each class member." *Id.* This Court, in *Houston v. URS Corporation*, has explained this standard as follows:

> That is not to say that there can be no differences among class members or that an individualized inquiry may not be necessary in connection with fashioning the specific relief or damages to be awarded to each class member. Rather, the inquiry is whether the presence of common issues allows the class-wide claims to be addressed without becoming bogged down by individual differences among class members. In this regard, courts have observed that the requirements for class certification of a collective action under FLSA are similar, but not identical, to those that pertain to certification of a class under Fed. R. Civ. P. 23.

*Id.* Further, the district court has discretion to "facilitate this notice by allowing discovery of the names and addresses of potential plaintiffs, by authorizing a notice for plaintiff's counsel to send

7

to potential plaintiffs, or by some other appropriate action." *Choimol*, 475 F. Supp. 2d at 563 (quoting *De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001)); *Houston*, 591 F. Supp. 2d. at 832. "This discretion is not unfettered; the court must assess 'whether this is an appropriate case in which to exercise [its] discretion.'" *Houston*, 591 F. Supp. 2d. at 832 (citing *Camper v. Home Quality Management Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)) (alteration in original). Ultimately, "[t]he plaintiff has the burden on [sic] demonstrating that notice is 'appropriate.'" *Houston*, 591 F. Supp. 2d. at 832 (quoting *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)).

If the court grants conditional certification of the class, the case proceeds to the second step, provided the defendant files a motion to decertify, typically after discovery is almost complete. *Id.* (citations omitted). "Upon a determination that the plaintiffs establish the burden of proving they are 'similarly situated[,]' the collective action proceeds to trial." *Id* By contrast, "if the court determines that the plaintiffs are in fact, not 'similarly situated[,]' the class is decertified and the original plaintiffs proceed on their individual claims." *Id.*

## III. DISCUSSION

### A. Equitable Tolling of the Fair Labor Standards Act's Statute of Limitations Is Not Warranted in this Case

Plaintiffs have requested equitable tolling of the FLSA's statute of limitations as of their filing of the motion with the U.S. District Court, Northern District of Illinois (prior to the transfer of the case to the Eastern District of Virginia) as to all putative class members. Plaintiffs seek the application of the doctrine "because of the wasting statute of limitations of the FLSA" and the delays in the litigation posture of this case. Pls' Reply Br. Supp. Mot. Equitable Tolling 2, April 4, 2012, ECF No.44.

With respect to all three grounds available for equitable tolling of the statute of limitations in this case, Plaintiffs have failed to make a sufficient showing to justify its application at this time. Defective pleadings are not at issue in this case nor has any evidence been presented to the Court alleging misconduct, misrepresentation, or trickery on the part of the Defendant to prevent Plaintiffs from pursing their case. Plaintiffs contend that Dollar Tree's motions to transfer this case and to dismiss certain of the Plaintiffs' claims represent an attempt to delay their ability to send notice to potential collective members in this case. *Id.* However, filing motions common to the litigation process in order to exercise particular rights and privileges under the Federal Rules of Civil Procedure and relevant federal statutes does not constitute per se misconduct by a defendant for the purposes of equitable tolling. *See MacGregor v. Farmers Ins. Exchange,* Civil No. 2:10–CV–03088, 2011 WL 2731227, at *1 (D.S.C. July 12, 2011)("A motion to dismiss is not out of the ordinary, nor is the time frame in which the court considered the motion; both are far from "extraordinary" without more"). This is particularly true when the exercise of those rights have been vindicated by the U.S. District Court in Illinois's decision to transfer the case to the Eastern District of Virginia and by this Court's own ruling in this Memorandum Opinion & Order concerning the dismissal of Court One and portions of Count Two of the Complaint in this case. *See infra* Part III.B.

Given the lack of showing of impermissible wrongdoing by the defendant or defective pleadings, Plaintiffs' only hope for relief lies with the "extraordinary circumstances" rationale for equitable tolling. However, Plaintiffs have not provided any extraordinary circumstance that justifies equitable tolling in this case. Plaintiffs direct this Court's attention to a group of cases throughout the country in which courts have used their discretion to grant equitable tolling due to

litigation-related delays which constituted extraordinary circumstances. *See* Pls' Mot. Equitable Tolling ¶ 7, February 22, 2012, ECF No. 26. They are, however, inapplicable to this case. For example, in *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC., 2007 WL 707475 (N.D.Cal. Mar. 6, 2007), the district court did grant plaintiff's motion for equitable tolling, however it did so due to circumstances unique to the case, including delays due to arbitration and settlement mediation talks in a relevant parallel case and significant disagreements between the parties' attorneys in that case during the talks.[1] Such unique circumstances are not present in the instant action. Similarly, Plaintiffs cite *Adams v. Tyson Foods, Inc.*, 07-CV-4019, 2007 WL 1539325, at *2 (W.D.Ark. May 25, 2007), in support of their request for equitable tolling. In that case, the district court tolled the FLSA's statute of limitations when it stayed the case until the Judicial Panel on Multidistrict Litigation determined whether the case should be consolidated in a single district. *Id.* at *1. However, as Defendant notes in its Opposition to Plaintiffs' Motion for Equitable Tolling, Plaintiffs filed their complaint two weeks before the MDL Panel issued its decision but four weeks before Plaintiffs sought waiver of service of process from Defendants. Opp'n Mot. Equitable Tolling 8, April 6, 2012, ECF No. 41. As a result, any delay caused by the MDL Panel's consideration of case consolidation had no meaningful effect on the litigation in this case.

Finally, Plaintiffs cite *Stickle v. SCI Western Mkt. Support Ctr., L.P.*, 2008 U.S. Dist. LEXIS 83315, CV 08-083-PHX-MHM (D. Ariz. Sept. 29, 2008) to support their motion. In that case, the district court granted a motion for equitable tolling because defendants sought and received a stay pending the outcome of a motion to dismiss the case. *Id.*, at *61-65. While a

---

[1] The U.S. District Court in *Beauperthuy* also noted the defendant's "confusing, contradictory, and time-consuming strategic maneuvering" as a source of delays in the case, suggesting intentional misconduct by the defendant. *Beauperthuy*, at *8.

motion to dismiss has been pending before this Court, Defendants did not seek to stay further proceedings in this Court. As a result, plaintiffs were free to continue to seek out additional plaintiffs and encourage them to give their written consent to become a party plaintiff in the case, thus tolling the statute of limitations for their claims. *See* 29 U.S.C. 256(b). In *Stickle*, the district court's decision to stay the proceedings in the case prevented the plaintiffs from incorporating additional parties in their case, thus warranting equitable tolling. Such is not the case here.

Additionally, Plaintiffs also appears to argue that the nature of the FLSA's statute of limitations itself is an extraordinary circumstance because it results in fewer opportunities for potential plaintiffs to pursue their claims. *See* Reply Br. Supp. Mot. of Equitable Tolling 2. This reality, however, is not an "extraordinary circumstances" but is rather a reflection of Congress's intent with respect to the FLSA, as recognized by other courts considering similar issues:

> The FLSA, 29 U.S.C. §§ 216(b) and 256, requires that the statute of limitations continue to run for a potential claimant in an FLSA collective action until he or she consents in writing to become a party plaintiff. "Congress contemplated a gap between the time a collective action is initiated and the time the statute of limitations is tolled by the filing of an opt-in consent." *Noble v. Serco*, No. 08-0076, 2009 U.S. Dist. LEXIS 93816, 2009 WL 3254143, at* 2 (E.D. Ky. Oct. 7, 2009). "Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period." *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 2008 WL 471552, at *16 (M.D. Pa. 2008). Congress could have avoided the foreseeable delay of good faith motions and judicial decision-making by patterning the statute of limitations for the FLSA after that of Rule 23 for class actions; however, they did not do so. *The fact that a statute creates procedural requirements that limit some potential claimants' participation in a suit, standing alone, is insufficient to toll the statute of limitations.*

*MacGregor v. Farmers Ins. Exchange*, 2:10-CV-03088, 2011 U.S. Dist. LEXIS 75872, at *3-4 (D.S.C. July 13, 2011) (emphasis added). The *MacGregor* court notes one case that might be of particular relevance to the instant case regarding when procedural delays warrant tolling due to

their extraordinary nature. *See Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309 (S.D. W. Va. 1986). In *Owens*, the court equitably tolled the statute of limitations with respect to Age Discrimination in Employment Act (ADEA) claims because the court failed to rule on a motion to certify the potential class in that case for over a year. 630 F. Supp., at 312-13. Because of the court's delay in determining whether certification of the class was warranted, two specific plaintiffs that would have been time barred by the statute of limitations from bringing their claims were allowed to do so by the court through the doctrine of equitable tolling. *Id.*

While *Owens* is instructive, the instant case stands on different footing for two reasons. First, Plaintiffs' Motion for Conditional Certification has only been pending and ripe for decision before this Court since July 3, 2012. While the Court always strives to address motions before it as expeditiously as possible, a less than three month delay on a series of complex motions does not constitute extraordinary circumstances warranting the circumvention of Congress's intent with respect to the FLSA. Second, while *Owens* dealt with specific plaintiffs harmed by the extraordinary delay in the case, no such prejudiced potential plaintiffs have been identified in this case. Courts facing similar factual circumstances have determined that equitable tolling for unspecified potential plaintiffs should not be permitted without extraordinary justification. *See Longcrier v. HL-A Co.*, Inc., 595 F. Supp. 2d 1218, 1244 (S.D. Ala. 2008)("To hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one); *See also*, *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 689 n.9 (D. Md. 2010)("[Plaintiff's] request that the Court equitably toll the statute of limitations on the FLSA claims of as yet unidentified putative class members, so as to relieve them

of the consequences of "delays" resulting from prior stages of this litigation, suggests yet another individualized layer of inquiry that would make certification of the class unwieldy. As a rule, unknown prospective plaintiffs in a proposed class action are not entitled to equitable tolling absent a showing of extraordinary or unusual circumstances")(internal citation omitted).

In light of the statutory intent of Congress in its drafting of the FLSA's statute of limitations and the failure of Plaintiffs to make a sufficient showing of extraordinary circumstances, misconduct by the Defendant or defective filings, the Court finds that equitable tolling is not warranted and Plaintiffs' motion for said equitable tolling is **DENIED** as to both "Assistant Store Managers" and "Store Associates."[2]

## B. Dismissal of FLSA Claims as to "Assistant Store Managers" Is Warranted Under the "First to File" Rule Applicable To Federal Courts

Defendant seeks dismissal (or in the alternative, a staying) of all FLSA claims related to "Assistant Store Managers" in light of pending litigation before the United States District Court of the District of Colorado (Blackburn, J.) in *Young v. Dollar Tree Stores, Inc.,* 1:11-cv-01840, (D.Colo.). Mem. Supp. Mot. Dismiss at 1-2. The plaintiff in *Young* filed FLSA and state law claims on behalf of herself as an "Assistant Store Manager" ("ASM") and on behalf of current and former ASMs across the United States on July 15, 2011. *Young v. Dollar Tree Stores, Inc.,* 1:11-cv-01840, July 15, 2011, ECF No. 1 (D.Colo. Aug. 24, 2012). Plaintiffs in our case concur that a stay of FLSA claims regarding "Assistant Store Managers" is warranted but oppose an outright dismissal of the claims. Pls' Resp. Br. Mot. Dismiss 4.

---

[2] While not finding adequate grounds for equitable tolling at this time, Plaintiffs may bring more specific evidence as to particular plaintiffs that may warrant application of the doctrine of equitable tolling at a later date.

The Court finds, however, that dismissal of "Assistant Store Managers" FLSA claims is warranted in this case. On August 24, 2012, the U.S. District Court in Colorado conditionally certified the proposed collective as follows:

> The named Plaintiff seeks to sue on behalf of herself and also on behalf of other Assistant Store Manager employees with whom she is similarly situated. Specifically, the Plaintiff seeks to sue on behalf of any and all Assistant Store Manager employees who have worked for Dollar Tree at any time within the three years preceding the date of this notice (or who are currently employed by Dollar Tree), and who were 1) required to take 30 minute unpaid meal breaks, required to work during those breaks, and were not paid for work done during those meal breaks; and/or 2) required to make bank deposits for Dollar Tree when they were not on the timeclock and were not paid for all time spent making bank deposits.

*Young v. Dollar Tree Stores, Inc.*, 1:11-cv-01840, 2012 WL 3705005, at *3 (D.Colo. Aug. 24, 2012). To permit FLSA claims to proceed in this case as to ASMs would be duplicative and wasteful and would directly contravene the spirit and intent of the "first to file" rule, particularly with respect to FLSA collective actions. Plaintiffs have made no showing that the balance of convenience is in favor of the ASM action claims in this case. *See CLM Equip. Co., Inc.*, 386 F.3d at 594-95. Furthermore, outright dismissal is appropriate as Plaintiffs and any putative collective members can opt-in to the *Young* action. If the *Young* Court later decides after further discovery to decertify the ASM collective, then no FLSA claims as to ASMs can proceed in this case. As a result, Defendant's Motion to Dismiss as to all FLSA claims concerning "Assistant Store Managers" is **GRANTED WITH PREJUDICE.**

## C. Dismissal of Non-Illinois State Law Claims Is Warranted Due to a Lack of Standing by Plaintiffs

Defendant also seeks dismissal of all non-Illinois state law claims in Courts Two and Three of the Complaint because the named plaintiffs (all of whom worked in Illinois) lack standing to bring such claims. Mem. Supp. Mot. Dismiss at 1-2. Plaintiffs concur with the request and ask that

14

it be done so without prejudice so as to permit such claims if additional plaintiffs are added to the case later that can bring cases in the states cited. Pls' Resp. Br. Mot. Dismiss, April 6, 2012. ECF No. 42.

Given the agreement of the parties and the possibility that additional plaintiffs could join the suit at a later date and have standing to bring non-Illinois state law claims, Defendant's Motion to Dismiss as to Plaintiffs' non-Illinois state law claims is **GRANTED WITHOUT PREJUDICE.**[3]

## D. Plaintiffs Proposed Class of Hourly Associates Meet Requirements for Conditional Certification

### 1. Motion to Conditionally Certify an FLSA Collective Action

Plaintiffs move this Court to conditionally certify the following opt-in class:

All current and former Store Associates who were employed by Dollar Tree Stores, Inc., d/b/a Dollar Tree and d/b/a Deals, anywhere in the United States, at any time during the past three years.

Mem. Supp. Mot Conditionally Certify 15, February 22, 2012, ECF No. 25. In support of this motion, Plaintiffs argues that she has demonstrated sufficiently that they have met the "similarly situated" standard. Plaintiff Croy, a former hourly store associate at Dollar Tree, as well as former store associates and opt-in plaintiffs Dodie Colevins and Victoria Groch, filed declarations alleging that they and others similarly situated to them were required to perform during mandatory unpaid breaks and for work performed before or after their shifts. *Id.,* Exhibit C. Dollar Tree former and current assistant managers Jim Bailey, Marina LaFleur, Ryan Hansen also filed declarations alleging similar "off-the-clock" working by Dollar Tree store associates. Specifically, Croy,

---

[3] In Defendant's Memorandum of Supplemental Authority in Support of their Motion to Dismiss (ECF No. 78-1), Dollar Tree appears to raise for the first time whether Illinois state law claims in the case under FRCP 23 are preempted by the FLSA. As Plaintiffs did not provide adequate notice or opportunity to brief such arguments, this Court will not consider them at this time.

Colevins, and Groch ("Store Associates Declarations") allege that store associates that were required to take 30 minute unpaid meal break and failed to do so because they continued working were still required to record on their COMPASS timekeeping system timesheet that they did indeed take their break. *Id.* According to the Store Associates Declarations, timesheets lacking a recorded break were marked with a violation, subject to correction. *Id.* These corrections, according to the Store Associates Declarations, included inserting notations into timesheets showing that a break was taken, even when it was not.

Plaintiffs allege that the COMPASS system also prevented any employee who clocked out for an unpaid meal break to re-clock in within 30 minutes, even if they were required to work at some point during their break. *Id.* The Store Associate Declarations also allege that because of Dollar Tree's policy of requiring at least two employees to be on duty in a store and the company's practice of only scheduling 2 employees to work, the company ensures that store associates must continue to work after they clock out for a break. Store associate declarants also allege that they were required to perform bank drops or deposition on behalf of the company, without compensation. *Id.* Finally, the Store Associate declarants allege that Dollar Tree eliminates records of store associates that use the company's point of sale system while working during a break and that when there is not enough store labor to complete a task, off the clock employees are required to help finish the work without compensation. *Id.*

In response to Plaintiffs' allegations, Dollar Tree argues that conditional certification should not be granted for the following reasons: Plaintiffs and putative class members are not similarly situation because (a) Dollar Tree has specific policies prohibiting working while off the clock (including during paid and unpaid breaks, and making bank deposits) and any localized

violation of said policies does not constitute a common, unlawful plan by the company to require store associates to work without pay; (b) Dollar Tree uses its timekeeping system to enforce its timekeeping policies, not circumvent them; (c) Individual experiences regarding meal breaks do not constitute a common, unlawful plan by the company; and (d) localized polices regarding deposit practices do not constitute an common unlawful plan. Dollar Tree asserts that as a result of the plaintiffs and the putative class members not being similarly situated, the Court would have to make individualized inquires to resolve each claim. Finally, even if certification is granted by the Court, Dollar Tree objects to the language of the proposed notice as well as the timeline established by it. Def. Opp'n Conditional Certification 1-3, June 14, 2012, ECF No. 55.

The Court's concern at this first stage is whether Croy has met her burden under "similarly situated" analysis, wherein plaintiffs "need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Choimol*, 457 F. Supp. 2d. 564 (citation omitted). Put another way, "[t]he touchstone at this stage is merely whether Plaintiffs have demonstrated some factual nexus connecting them to other potential plaintiffs as victims of an unlawful policy." *Butler v. DirectSAT USA, LLC*, Civil Action No. DKC 10-2747, 2012 U.S. Dist. LEXIS 50119 at *29 (D. Md. Apr. 10, 2012).

Reviewing the Complaint and declarations Plaintiffs filed, the Court finds that Croy and her fellow store associates have made the requisite showing for conditional certification under the "stage one" analysis. First, Croy, Colevins, and Groch, and others similarly situated worked at Dollar Tree locations performing the same job duties and functions and rewarded the same compensation based on nationwide Dollar Tree policies. They also allege that they were required

17

to work while off the clock on a consistent basis using substantially similar means and methods, indicating Dollar Tree developed an unlawful common policy or plan to do so. Croy, Colevins, and Groch have submitted declarations and exhibits in support of these allegations and assistant store managers declarations in further support of these allegations.

Second, Croy, Colevins, and Groch assert that the mechanism Dollar Tree employed to deprive them of the overtime and back pay was to use the COMPASS timekeeping system and related policies concerning staffing, unpaid meal breaks and bank deposits to prevent a full accounting and payment of their due compensation. In effect, Croy Colevins, and Groch argue that Dollar Tree's common policy or plan was to deny store associates the ability properly account for their time worked and require them to engage in off the clock to reduce company labor costs, and in doing so, to deny them lawful owed ages.

On the other hand, Dollar Tree counters with declarations from store associates and scientific survey data indicating a vast majority of employees are paid for all hours worked and that if plaintiffs were required to work off the clock, it was the exception to Dollar Tree's company policies against off the clock work and not a common plan or policy encouraging off the clock work. Dollar Tree also argues that the application of unpaid meal break and store deposit policies are localized to individual stores and managers and thus each plaintiff's claims would need to be assessed on an individualized basis such that class certification is inappropriate.

However, Dollar Tree's arguments against conditional certification are unavailing at this time, especially in light of the lenient standard by which courts should assess these motions. Dollar Tree does point to some conflicting statements in Plaintiffs' declarations and a variety of information collected to argue that the experience of the plaintiffs in this case are isolated and that

store associates around the country are not similarly situated as to the plaintiffs with respect to their FLSA claims. In the end, discovery may well support Dollar Tree's contention but reviewing such evidence at this stage in the litigation and consideration of Dollar Tree's factual arguments would amount to this Court resolving factual disputes between parties that go to the merits of Plaintiffs' case. At this stage, the Court declines Defendant's invitation to "engage in resolving factual disputes, decide substantive issues going to the merits of the case, or make credibility determinations." *Hargrove v. Ryla Teleservices, Inc.*, No. 2:11cv344, slip op. at *16 (E.D. Va. Jan. 3, 2012) (Report and Recommendation of United States Magistrate Judge), *aff'd*, No. 2:11cv344, slip op. at *2-*3 (E.D. Va. Feb. 13, 2012) (Order Adopting United States Magistrate Judge's Report and Recommendation).

Moreover, the requirement of a common plan or policy "is not to say that there can be no differences among class members or that an individualized inquiry may not be necessary in connection with fashioning the specific relief or damages to be awarded to each class member." *Houston*, 591 F. Supp. 2d at 831; *see also Choimol*, 475 F. Supp. 2d at 563("...[T]he Court will examine whether the Plaintiffs 'raise a similar legal issue as to coverage, exemption, or nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical.'") (citations omitted).

Defendant further argues that conditional certification is also improper because only Plaintiff Croy and two opt-in plaintiffs constitute the putative class at this time and that the Plaintiff has not shown that there is additional interest in the collective action, citing a number of district court decisions outside of the Fourth Circuit. Def. Opp'n. Conditional Certification 27.

19

Other courts in the Fourth Circuit have addressed this issue and have rejected reading a requirement into the conditional certification standard that dictates consideration of sufficient interest (or lack thereof) of potential opt-in plaintiffs prior to notice to said potential plaintiffs being made. *See Butler v. DirectSAT USA, LLC*, 2012 U.S. Dist. LEXIS 50119 at *30-31 (D. Md. Apr. 10, 2012)("Additionally, this district has previously refused to impose a requirement that plaintiffs identify other potential opt-in plaintiffs when moving for conditional certification....The court finds the reasoning of these cases persuasive and will refuse to construe the requirements for conditional certification in the narrow manner requested by Defendants.); *see also Mancia v. Mayflower Textile Servs. Co.*, 2008 U.S. Dist. LEXIS 88170 at *12 n.5 (D. Md. Oct. 14, 2008) (Same), *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 772 n.5 (D. Md. 2008)(Same). These courts cite the "broad remedial purpose of the Act" and lenient nature of the conditional certification process under the FLSA. *Id.* Given that two other former store associates joined this action as opt-in plaintiffs and the reasoning articulated by federal courts in Maryland, the Court finds Defendant's opposition to certification on this ground to be without merit.

## 2. Notice to Prospective Class Members

Plaintiffs submitted a proposed notice and consent form to be sent to the opt-in class as part of their Motion to Conditionally Certify. *See* Mot. Conditionally Certify, Ex. J. Dollar Tree has objected to the proposed notice on several grounds. Dollar Tree objects to the proposed notice's failure to notify putative class members of their option to retain their own counsel and to bring their own lawsuit against the company. *See* Mem. Opp'n Mot. Conditionally Certify at 28. Dollar Tree further objects to only having 10 days to disclose the relevant contact information for the putative class members to Plaintiffs. *Id.*, at n.53. Dollar Tree also opposes a 90-day window for

putative class members to return their signed consent forms for filing with the Court. *Id.* Finally, Dollar Tree opposes mailing a reminder form to all putative class members 50 days after initial notice is mailed. *Id.*

As an initial matter, the Court takes notice that all of the motions in this case as well as the proposed notice and form the Plaintiffs submitted were filed when this case was still before the U.S. District Court for the Northern District of Illinois and thus contain numerous references to that court as well as to non-applicable case law. The Court will not rewrite Plaintiffs' proposed notice and form to accurately reflect the fact that the case is now properly before the Eastern District of Virginia, as they should have done so already. As a result, the Court directs the Plaintiffs to revise their proposed notice and form to reflect this case's current posture before the United States District Court for the Eastern District of Virginia within ten (10) days of the entry of this Memorandum Opinion and Order.

In addition to these changes, the Court orders additional revisions to both the proposed notice and form and the schedule the Plaintiffs proffered regarding notice as follows: (1) Plaintiffs' proposed notice shall include information concerning putative class members' right to obtain their own counsel and bring an individual lawsuit; (2) To provide Defendant additional time required to collect the names and last known addresses of putative class members, Defendant shall have thirty (30) days from the entry of this Memorandum Opinion and Order to disclose putative class information to the Plaintiffs in a usable electronic format; (3) Putative class members shall have sixty (60) days to return their signed consent forms for filing with the Court; (5) A "reminder" notice shall not be issued.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Plaintiffs' Motion for Equitable Tolling (ECF. 26) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 38) as to FLSA claims related to "Assistant Store Managers" is **GRANTED WITH PREJUDICE** and Defendant's Motion to Dismiss Plaintiffs' Non-Illinois State Law Claims is **GRANTED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that pursuant to 29 U.S.C. § 216(b), a Conditional Class Certification and Notice under the FLSA (ECF No. 25) is **GRANTED** for the named Plaintiffs to include the following employees in the collective action:

> All current and former Store Associates who were employed by Dollar Tree Stores, Inc., d/b/a Dollar Tree and d/b/a Deals, anywhere in the United States, at any time during the past three years.

**IT IS FURTHER ORDERED** that the Defendant shall provide to Plaintiffs' counsel the names, last known mailing addresses, home and/or mobile phone numbers, and email addresses of all potential members of the conditionally certified class within thirty (30) days of the date of this Order in a usable electronic format.

**IT IS FURTHER ORDERED** that, within thirty-five (35) days of the date of this Order, the parties shall submit an appropriate protective order specifying that the potential class members' names, home/email addresses, and phone numbers are to be used and distributed only for effecting notice of this litigation.

**IT IS FURTHER ORDERED** that within ten (10) days of the date of this Order the Plaintiffs shall provide a revised proposed notice and form to this Court and to Defendant reflecting the changes directed in this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall circulate notices of pendency and consent to joinder to all potential members of the conditionally certified class.

**IT IS FURTHER ORDERED** that, if necessary, the parties are granted leave for sixty (60) days from the date of this Order to conduct limited discovery solely on the issue of 29 U.S.C. § 216(b) class certification; the parties shall immediately confer and stipulate to any relevant disputed facts in order to tailor the scope of and the need for discovery; and the parties shall also confer with the Court with respect to the determination of scope and parameters of such discovery.

**IT IS FURTHER ORDERED** that any consents to joinder in this action by which additional persons join this litigation as plaintiffs under 29 U.S.C. § 216(b) must be filed with the Clerk of the Court no later than sixty (60) days after the date that this Court approves the form of notice to the class.

**IT IS FURTHER ORDERED**, to facilitate settlement, that Plaintiffs shall provide Defendant with the number of unpaid and overtime hours allegedly owed Plaintiffs, if known, with supporting documentation, if any, no later than January 15, 2012.

**IT IS FURTHER ORDERED** that the parties shall participate in a settlement conference on a date to be determined by the Court.

**IT IS FURTHER ORDERED**, that the filing of all dispositive motions are **STAYED** until further order of this Court.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

_____ /s/

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
October 2 , 2012