IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARINA LaFLEUR, ET AL.

    Plaintiffs,

v.                        CIVIL ACTION NO.: 2:12-cv-00363

DOLLAR TREE STORES, INC.

    Defendant.

## *MEMORANDUM OPINION & ORDER*

Plaintiffs have filed an action under the Fair Labor Standards Act ("FLSA") and relevant state laws in Illinois. Before the Court is Defendant's Motion for Certification for Interlocutory Appeal of Order Granting Conditional Certification and to Stay Order Granting Conditional Certification as well as Defendant's Motion to Dismiss Plaintiffs' Illinois State Law Claims and Hybrid Class Action Allegations. For the reasons stated herein, Defendant's Motion for Certification for Interlocutory Appeal of Order Granting Conditional Certification and to Stay Order Granting Conditional Certification is **DENIED**. Furthermore, Defendant's Motion to Dismiss Plaintiffs' Illinois State Law Claims and Hybrid Class Action Allegations is **GRANTED**.

## I. LEGAL STANDARD

### A. Interlocutory Appeals Under 28 U.S.C. 1292(b)

Under 28 U.S.C. 1292(b) ("Section 1292(b)"), Congress has created an exception to the Final Judgment Rule which allows non-final orders to be reviewed by the relevant federal court of appeals. In such a situation, 1292(b) directs:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a

controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. 1292(b). Furthermore, in the Eastern District of Virginia, it has been noted:

> It is also settled that because § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed. *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). Put differently, the certification of an interlocutory appeal requires "exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments." *Terry v. June*, 368 F.Supp.2d 538, 539 (W.D.Va. 2005) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)). And consistent with this principle, the Fourth Circuit has made clear that "certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (unpublished); see also KPMG Peat Marwick, LLP v. *Estate of Nelco, Ltd.*, 250 B.R. 74, 78 (E.D.Va. 2000).

*DiFelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908-909 (E.D. Va. 2005).

**B. Motion to Dismiss under Fed. R. C. P. 12**

Federal Rule of Civil Procedure 12(h)(3) provides for the dismissal of an action at any time when the Court determines that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Finally, Federal Rule of Civil Procedure 12(f) allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f).

## II. DISCUSSION

### A. Certification of Appealability for Interlocutory Appeal of Conditional Certification

Defendant has asked the Court to certify for interlocutory appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") two questions which it argues are appropriate for review:

> (1) Whether a showing of interest in the collective action is needed at the conditional certification stage.
>
> (2) Whether the Court is permitted to examine the Defendant's evidence in detail at the conditional certification stage when some discovery has been taken already.

*See* Defendant's Mem. In Supp. 2.

While the Fourth Circuit has not ruled directly on whether interlocutory appeals of FLSA conditional collective certification orders are permitted, other circuit and district courts have concluded that such appeals are inappropriate. For example, in *Pereira v. Foot Locker, Inc.*, a district court considered whether to permit interlocutory review of its conditional collective certification and found that a controlling question of law was not at issue because the court's order was subject to change: "[w]here a court's decision is conditional, and may be altered or amended before decision on the merits, the decision is not a controlling question of law to be reviewed under § 1292(b)." *Pereira v. Foot Locker, Inc.*, 2010 U.S. Dist. LEXIS 5845, *9-11 (E.D. Pa. Jan. 25, 2010) (citations omitted). Furthermore, the district court in *Pereira* concluded that:

> The Court finds that neither issue raised by Defendant is a controlling question of law. The Court's decision to certify the class was conditional. Therefore, the Court in this case will have the opportunity to conduct a review of its decision granting conditional collective certification at the decertification stage. As such, we do not feel that it is appropriate to certify either issue raised by Defendant as one which justifies immediate certification for appeal under Section 1292(b).

3

*Pereira*, at *9-11. *See also Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 549 (6th Cir. 2006) ("We adopt the approach of the Fifth Circuit. We hold that a conditional order approving notice to prospective co-plaintiffs in a suit under § 216(b) is not appealable."); *Baldridge v. SBC Communs.*, Inc., 404 F.3d 930, 931 (5th Cir. 2005) ("Accordingly, because the question of class certification has not yet been conclusively determined, the Cohen collateral order exception to § 1291 is inapplicable.").

Defendant attacks these cases on two different grounds. As to *Pereira*, Defendant argues that the case "suffers from the fatal flaw that it is based on Rule 23 decisions that were decided before Rule 23(f) was enacted to clarify that, contrary to decisions like those *Pereira* relies on, class certification decisions are appropriate for interlocutory appeal." Defendant's Reply Br 7. As an extension of this attack, Defendant appears to argue that Fed. R. Civ. P. 23(f) supports its view that conditional orders are appealable because the Rule gives courts of appeals jurisdiction to hear appeals regarding Rule 23 class-action certifications. Of course, these arguments would have merit if Plaintiffs' FLSA collective action was a Rule 23 class-action or if a similar provision to Rule 23(f) had been applied to FLSA claims. As the Defendant so vigorously argued with respect to its motion to dismiss Plaintiffs' Illinois state law claims, Rule 23 and FLSA collective actions are on entirely different footing, with various policy and legal consideration implicit in both. While it's true Congress saw fit to provide for interlocutory appeal of Rule 23 class-action certifications, it did not do so for FLSA claims, as noted by the Fifth Circuit:

> The defendants correctly point out that the holding in *Coopers & Lybrand* is abrogated to the extent that the subsequently enacted Federal Rule of Civil Procedure 23(f) specifically allows for interlocutory review of class certification decisions at the discretion of the respective courts of appeals under rule 23. 4 But, as the district court observed, this case involves a "garden-variety" § 216(b) FLSA action and is not a rule 23 class action, so rule 23(f) is inapplicable.

4

*Baldridge*, 404 F.3d at 932. As a result, while the cases the district court in *Pereira* rely on to formulate its judgment regarding FLSA collective action were abrogated by Rule 23(f) as to Rule 23 class-actions, in the absences of any pronouncement by Congress to specifically authorize interlocutory appeals for FLSA conditional certification, the underlying reasons articulated by the Fifth Circuit for rejecting interlocutory appeals of FLSA collective conditional certification orders, in the absence of specific congressional authorization to bypass the Final Judgment Rule, still has considerable merit and the Court finds those arguments persuasive.

Furthermore, the Fifth Circuit also rejected Rule 23(f) based policy arguments the defendants made in *Baldridge* that they believed justified interlocutory appeal:

> The defendants also argue at length that we should look persuasively at the policies behind rule 23(f) when analyzing whether the Cohen doctrine applies to confer jurisdiction over their attempted appeal. After noting the vast expenses they anticipate in defending this class action suit, they point to several cases from other circuit that consider costs and pressures on the defendant to settle as important factors appellate courts should consider in deciding whether to grant interlocutory review under rule 23(f), based on the committee notes accompanying the rule. Although such policy concerns may be proper for legislative attention, they are irrelevant to the issue of whether the Cohen collateral order exception applies. *Coopers & Lybrand*, 437 U.S. at 470. Outside the rule 23 context, "if the expense of litigation were a sufficient reason for granting an exception to the final judgment rule, the exception might well swallow the rule." *Lusardi*, 747 F.2d at 178. Any policy justifications are not relevant to § 216(b) collective actions in the absence of an applicable procedural rule or act of Congress.

*Baldridge*, 404 F.3d at 932-933 (footnotes omitted). Just as the Fifth Circuit found said policy arguments unpersuasive in *Baldridge*, the Court finds the same in this case.

The Defendant also points out that the Fifth and Sixth Circuits' decisions were decided under the rubric of the Collateral Order Doctrine, as articulated by the U.S. Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), and that somehow this should make a difference to the Court because Defendant seeks its relief under the interlocutory appeal

5

statue. While the Court recognizes that the Collateral Order Doctrine and 28 U.S.C. 1292(b) are considered independent grounds for interlocutory appeals and have slightly different standards, it finds the rationale the Fifth and Sixth Circuits articulated against interlocutory appellate review of conditional FLSA collective certification reasonably extendable to 28 U.S.C. 1292(b) and its requirements.

The Court recognizes that there are considerable differences of opinion between various district and circuit courts regarding the questions at issue. However, it is not persuaded to grant the Defendant's motion for a certification of appealability at this time because there is no controlling question of law yet at issue given the temporary nature of its conditional order to certify a collective of hourly store associates. Defendant will have ample opportunity at the end of Phase I Discovery to seek decertification of the conditionally certified collective. Given that the Court declines to certify a certificate of appealability on the questions presented in Defendant's motion, there is no reason proceedings in this case should be stayed.

For the reasons stated above, Defendant's Motion for Certification for Interlocutory Appeal of Order Granting Conditional Certification and to Stay Order Granting Conditional Certification is **DENIED**.

**B. Motion to Dismiss Plaintiffs' Illinois State Law Claims and Hybrid Class Action Allegations**

Defendant seeks the dismissal of Plaintiffs' state law Rule 23 class claims for what they argue is a fundamentally and irreconcilably incompatibility between FLSA collective actions and Rule 23 class-actions. Considerable division exists among district courts and courts of appeals regarding whether Rule 23 class-actions can proceed simultaneous with FLSA collective actions. The Court has ruled on precisely this issue before:

> Moreover, although the Fourth Circuit has not directly examined whether plaintiffs seeking class certification can simultaneously avail themselves of a class action under Rule 23 and FLSA § 16(b), sister circuits and district courts in this circuit have followed the holding in *LaChappelle v. Owens-Illinois*, Inc., 513 F.2d 286 (5th Cir. 1975), which held that there is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). The *LaChappelle* Court noted that Rule 23 (c) provides for "opt out" class action while FLSA § 16(b) allows as class members only those who "opt in." These two types of class actions are mutually exclusive and irreconcilable. *Id.* at 288-89.

*Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006). The Plaintiffs have not articulated any meritorious reason why the Court should adopt a conflicting view in this case. As such, Defendant's Motion to Dismiss Plaintiffs' Illinois State Law Claims and Hybrid Class Action Allegations is **GRANTED WITH PREJUDICE**.

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Certification for Interlocutory Appeal of Order Granting Conditional Certification and to Stay Order Granting Conditional Certification is **DENIED**. Defendant's Motion to Dismiss Plaintiffs' Illinois State Law Claims and Hybrid Class Action Allegations is **GRANTED WITH PREJUDICE**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
January // , 2013

Raymond A. Jackson
United States District Judge