# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**MARINA LaFLEUR, ET AL.**

     **Plaintiffs,**

     **v.**                                                       **CIVIL ACTION NO.: 2:12-cv-00363**

**DOLLAR TREE STORES, INC.**

     **Defendant.**

### *MEMORANDUM OPINION & ORDER*

Before the Court is Plaintiffs' Motion for Leave to Add Additional Named Plaintiffs. Also before the Court are Defendant's Motion for Summary Judgment with Respect to Theresa Croy for Failure to File Consent, Motion for Summary Judgment Based on the Statute of Limitations, Motion for Summary Judgment Based on Opt-In Plaintiffs' Bankruptcy Petitions, Motion for Partial Summary Judgment Dismissing 17 Opt-In Plaintiffs Who Are Not Members of the Collective, Motion to Dismiss 129 Opt-In Plaintiffs With Prejudice for Failure to Attend Depositions and Motion for Sanctions As To Opt-In Plaintiffs Who Failed to Provide Any Response At All To Interrogatories and Document Requests.

For the reasons stated herein, Plaintiffs' Motion for Leave To Add Additional Named Plaintiffs (ECF No. 389) is **GRANTED.** Defendant's Motion for Summary Judgment with Respect to Theresa Croy for Failure to File Consent (ECF No. 290) is **DENIED.** Defendant's Motion for Summary Judgment Based on the Statute of Limitations (ECF No. 350), Motion for Summary Judgment Based on Opt-In Plaintiffs' Bankruptcy Petitions (ECF No. 352) and Motion for Partial Summary Judgment Dismissing Seventeen Opt-In Plaintiffs Who Are Not Members of

the Collective (ECF No. 366) are **GRANTED WITH PREJUDICE.** Defendant's Motion to Dismiss 129 Opt-In Plaintiffs With Prejudice for Failure to Attend Depositions (ECF No. 371) and Motion for Sanctions As To Opt-In Plaintiffs Who Failed to Provide Any Response At All To Interrogatories and Document Requests (ECF No. 401) are **GRANTED-IN-PART** and **DENIED-IN-PART.** Defendant's requests for a hearing related to the aforementioned Motions (ECF. No. 409 and ECF No. 417) are **DENIED.**

Also before the Court are Plaintiffs' Motion to Order Settlement Conference (ECF No. 423) and Defendant's Motion to Decertify the Collection Action (ECF No. 405). Judgments on these motions are **DEFERRED.** Additionally, Defendant's Motion to Dismiss Thirty-Nine Opt-In Plaintiffs with Prejudice for Failure to Prosecute (ECF No. 368) and Plaintiffs' Supplemental Motion to Voluntarily Dismiss Certain Opt-In Plaintiffs (ECF No. 377) are **GRANTED WITH PREJUDICE.** Plaintiffs' Consent Motion to Set Class Decertification Briefing Schedule re [109] Order (ECF No. 397) is **DENIED** as **MOOT.**

## I. FACTUAL & PROCEDURAL HISTORY

Plaintiffs Marina LaFleur and Theresa Croy ("Plaintiffs") filed their Complaint in this case on November 28, 2011 before the United States District Court for the Northern District of Illinois. Comp. Intro. ¶ I, Nov. 29, 2011 (ECF No. 1). On June 18,2012, United States District Judge Marvin E. Aspen issued a memorandum opinion and order directing the case to be transferred to the Eastern District of Virginia. Mem. Op. Order 1, June 18, 2012 (ECF No. 58). The Complaint alleges that Dollar Tree Stores, Inc. ("Defendant") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (the "IWPCA")

by "requiring Hourly Associates and Assistant Managers to work 'off the clock' without getting paid for that time and overtime." *Id.* f 11 -2.  Dollar Tree is a retailer with over 4,700 stores in the continental United States. The plaintiffs LaFleur and Croy brought their claims against Dollar Tree on behalf of themselves and all current and former "Hourly Associates" and "Assistant Store Managers"("Plaintiffs").        *Id.\/\.*

Specifically, Plaintiffs claim that they are owed overtime and that their weekly pay did not meet the minimum wage because they worked off-the-clock: (1) when making bank deposits, (2) when their meal periods were interrupted, and (3) at miscellaneous other times.  Plaintiffs also allege Defendant violated the wage laws in forty-eight states and the District of Columbia. *Id.*  On October 2, 2012, this Court conditionally certified the case, allowing Plaintiffs to send notice to potential Opt-In Plaintiffs. (ECF No. 82).  On November 13,2012, the Court approved the parties' proposed joint discovery plan and subsequently, Plaintiffs sent notices to over 275,000 former and current Dollar Tree employees. Over 6,300 employees joined as opt-in plaintiffs.  As this Court granted conditional certification, dismissed state law claims, and dismissed pendant claims for Plaintiffs who worked solely as Assistant Managers, Plaintiff Theresa Croy was left as the only named Plaintiff in this action.  As of September 16, 2013, Plaintiffs are 6,092 current and former Dollar Tree sales associates.

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also McKinney* v. *Bd.*

3

*of Trustees of Md. Cmty. Coll.,* 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the fact is not necessary to clarify the application of the law.") (citations omitted). In deciding a motion for summary judgment, the court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson* v. *Liberty Lobby Inc., 411* U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita,* 475 U.S. at 586-87 (internal quotations omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett, All* U.S. 317, 324 (1986). "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Ross* v. *Commc 'ns Satellite Corp.,* 759 F.2d 355, 364 (4th Cir. 1985), *abrogated on other grounds by, Price Waterhouse* v. *Hopkins,* 490 U.S. 228 (1989); *see also Ash* v. *United Parcel Serv., Inc.,* 800 F.2d 409,411-12 (4th Cir. 1986) (noting that the nonmoving party must offer more than unsupported speculation to withstand a motion for summary judgment).

**B. Leave to Amend Pleading Standard**

Federal Rule of Civil Procedure 15(a)(2) states that, "a party may amend its pleading only with the opposing party's written consent or the court's leave … The court should freely give leave when justice so requires." "It is this Circuit's policy to liberally allow amendment in

keeping with the spirit of [Fed. R. Civ. P.] 15(a)." *Galustian* v. *Peter,* 591 F.3d 724, 729 (4th Cir.

2010) *(citing Coral v. Gonse,* 330 F.2d 997,998 (4th Cir. 1964)); *see also Steinburg* v.

*Chesterfield Cnty. Planning Comm 'n,* 527 F.3d 377, 390 (4th Cir. 2008) *{quoting Laber v. Harvey,*

438 F.3d 404,426 (4th Cir. 2006) ("[T]he general rule is that leave to amend a complaint under

Federal Rule of Civil Procedure 15(a) should be freely given, *see Foman v. Davis,* 371 U.S. 178,

182 (1962), unless 'the amendment would be prejudicial to the opposing party, there has been bad

faith on the part of the moving party, or the amendment would have been futile.'"). "Motions to

amend are typically granted in the absence of an improper motive, such as undue delay, bad faith,

or repeated failure to cure a deficiency by amendments previously allowed." *Harless* v. *CSX*

*Hotels, Inc.,* 389 F.3d 444,447 (4th Cir. 2004) *(citing WardElec. Serv., Inc. v. First Commercial*

*Bank,* 819 F.2d 496,497 (4th Cir. 1987)); *see also Andrade* v. *Aerotek, Inc.,* 2010 U.S. Dist.

LEXIS 117754 (allowing opt-in plaintiffs to be added as named plaintiffs because the addition did

not encompass any new prejudice by having to conduct additional discovery and depose the new

named plaintiffs).

## C. Sanctions Standards

### i. Sanctions for noncompliance with discovery requests and orders

District courts have the authority to dismiss cases under Federal Rules of Civil Procedure

37 and 41 as part of courts' "comprehensive arsenal of Federal Rules and statutes to protect

themselves from abuse." *Chambers* v. *NASCO, Inc.,* 501 U.S. 32, 62 (1991). Rule 37(d) provides

that the Court may order sanctions, including dismissal, if a party "fails, after being served with

proper notice, to appear for that person's deposition; or a party, after being properly served with

interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers,

objections, or written response." Fed. R. Civ. P. 37(d)(1)(A), (d)(3).   Further, Rule 41(b) provides

that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these

rules [of civil procedure] or a court order."   However, "[dismissal with prejudice is ordinarily

reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.,* 178 F.R.D. 56, 59

(D. Md. 1998) (citing *Dove v. Codesco,* 569 F.2d 807, 810 (4th Cir. 1978), in which the Court

stated that dismissal with prejudice under Rule 41(b) was only for "clear record of delay or

contumacious conduct by the plaintiff).   Indeed, "only the most flagrant case, where the party's

noncompliance represents bad faith and callous disregard for the authority of the district court and

the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut.*

*Fed'lSav. & Loan Ass'n v. Richards & Assocs., Inc.,* 872 F.2d 88, 92 (4th Cir. 1989).

    To that end, the Court applies a four-part test before dismissing a case pursuant to Rule

37(d). *Id.* The Court considers:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice
> his noncompliance caused his adversary, which necessarily includes an inquiry into the
> materiality of the evidence he failed to produce; (3) the need for deterrence of the particular
> sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Id.*  Prior to dismissal under Rule 41(b), the court must consider four similar factors.  *See Hillig v.*

*Comm 'r of Internal Review,* 916 F.2d 171, 174 (4th Cir. 1990) ("(1) the degree of personal

responsibility of the plaintiff, (2) the amount of prejudice caused the defendant; (3) the existence

of 'a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a

sanction less drastic than dismissal.").   "[T]he Court will combine the two tests in determining if

dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal

under both rules are '"virtually the same.'" *Taylor v. Fresh Fields Mkts., Inc.,* 1996 WL 403787, at

*2 (W.D. Va. June 27, 1996) (quoting *Carter* v. *Univ. of W. Va. Sys.,* 23 F.3d 400, 1994 WL

192031, at *2 (4th Cir. 1994)).

### ii. Sanctions for attorney misconduct

Title 28 U.S.C. Section 1927 provides that any attorney "who so multiplies the proceedings

in any case unreasonably and vexatiously may be required by the court to satisfy personally the

excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Beyond

vexatious conduct, § 1927 requires "a finding of counsel's bad faith as a precondition to the

imposition of fees." *Chaudhry* v. *Gallerizzo,* 174 F.3d 394, 411 n. 14 (4th Cir. 1999) (citing

*Brubaker* v. *City of Richmond,* 943 F.2d 1363, 1382 n. 25 (4th Cir. 1991)). Mere negligence does

not rise to the level of bad faith and will not support the imposition of sanctions under § 1927.

*Thomas* v. *Ford Motor Co.,* 244 Fed. App'x. 535 (4th Cir. 2007).

## III. DISCUSSION

## A. Motion for Leave To Add Additional Named Plaintiffs

Plaintiffs request leave to amend their Complaint to add two additional opt-in plaintiffs,

Dee Crouch and Kimberly Cruz, as named plaintiffs to this action. Opt-in plaintiffs Crouch and

Cruz both wish to be added as named plaintiffs, have timely submitted their Consent to Join forms

and have fully participated in discovery. First, Plaintiffs note that its Motion for Leave is in

reaction to Defendant's Motion for Summary Judgment to dismiss named plaintiff Croy for failing

to file a consent form with her Complaint. Plaintiffs oppose the Motion for Summary Judgment

and seek to avoid dismissal of the entire collective by adding two additional named plaintiffs.

Second, Plaintiffs assert that Crouch and Cruz's designation as additional named plaintiffs will not

prejudice Defendant because there will be no substantive changes to the posture, order and timely

progress of this litigation. Plaintiffs believe that any delay caused by their request to amend their Complaint is justified because they filed this Motion within a month of being notified of Defendant's plan to dismiss Croy as a way to dismiss the collective as a whole.

Defendant challenges the Motion for Leave because Plaintiffs' motive for adding additional named plaintiffs at this juncture is to undermine the aforementioned pending Motion for Summary Judgment. Defendant believes Plaintiffs cannot justify their unreasonable delay in seeking leave to amend the Complaint, accusing them of purposely waiting until after the close of discovery to deny Defendant the opportunity to test Crouch and Cruz's adequacy as named plaintiffs. Defendant asserts that it sought only limited discovery from these two plaintiffs because it did not anticipate any possibility of Crouch and Cruz later becoming named plaintiffs.

Because the Court "should freely give leave when justice so requires," Plaintiffs' request for leave to amend their Complaint to add additional named plaintiffs is **GRANTED.** Fed. R. Civ. P. 15(a)(2). Defendant will not be unfairly prejudiced by an amendment. Defendant propounded discovery upon both Crouch and Cruz. Although their discovery efforts may have been different if Crouch and Cruz were named plaintiffs at the time of their depositions and interrogatories, Defendant will have yet another opportunity to make further inquiries into their specific claims during Phase II of discovery. Also, Plaintiffs offered an explanation for their delay in filing the instant Motion for Leave, which suggests that they were not acting in bad faith. The explanation is as follows:

> While it is true that Defendant initially filed its Motion for Summary Judgment with regard to Plaintiff Theresa Croy (Doc. 290) on May 31, 2013, on June 10, 2013 this Court ordered that the parties were not to respond to any pending dispositive motions until "two weeks after defendant's current discovery cutoff date of July 13, 2013" (Doc. 308). Accordingly, Plaintiffs filed ther *[sic]* Opposition to Defendant's Motion for Summary Judgment with regard to Theresa Croy on July 29, 2013—two weeks after the close of discovery-in conformance with this Court's order. Defendant subsequently filed its Reply on August 5, 2013 (Doc. 365). It was not until this pleading, in a passing footnote, that Defendant

revealed its intention to rely on *Genesis* as a basis to dismiss the collective as a whole. Plaintiffs quickly drafted their motion and obtained permission from Ms. Crouch and Ms. Cruz to add them as additional named plaintiffs, and filed their motion for leave to amend on August 28, 2013 (Doc. 389).

Pl. Mot. to Amend Reply 2.  Lastly, the addition of Crouch and Cruz will not affect the substance of Defendant's Motion to Decertify or cause any undue delay or prejudice.  Defendant has not asserted that it has not acquired the information to meet its burden of proof in its Motion to Decertify.  In fact, Defendant filed its Motion to Decertify notwithstanding this Motion for Leave.  Any additional information needed from Crouch and Cruz can be obtained during the next phase of discovery.  Therefore, Plaintiffs' Motion for Leave is **GRANTED.**

**B.  Motion for Summary Judgment with Respect to Theresa Croy for Failure to File Consent**

Defendant seeks summary judgment to dismiss the claims of Theresa Croy, the only remaining named plaintiff in this case, because she did not file a written consent form to become a party plaintiff within two years after the date her claim accrued or within three years if the FLSA violation was willful.  *See* 29 U.S.C. §§ 216(b), 255.  Defendant asserts that Croy last worked as a Dollar Tree hourly sales associate on May 15, 2010.  She was last paid as an hourly sales associate on May 21, 2010.  To be timely according to the deadline set by this Court, Croy was required to file a written consent to join the collective on or before May 22, 2013, three years after her claims accrued.  However, the consent form was not refiled in connection with her second Complaint until July 29, 2013, and Defendant believes her claims are time-barred and must be dismissed.

Plaintiffs assert that Croy has satisfied the purpose of the "consent" requirement of FLSA § 216(b) by: (1) filing an original Complaint with a signed consent form attached; (2) failing to file the signed consent form with the second Complaint was a clerical error; (3) verifying her discovery requests throughout her responses and specifically stating that "she is the Plaintiff in this action"

9

on her signed verification page; (4) submitting a declaration in support of Plaintiffs' Motion for Conditional Certification; and (5) giving a lengthy deposition wherein she identified herself as the individual who brought this action.

"No employee shall be a party plaintiff to a [collective FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Based on the plain language of the FLSA statute, a named plaintiff who fails to file consent to join a collective action within the applicable statute of limitations must be dismissed. *See In re Food Lion, Inc.,* 151 F.3d 1029 at *41-42 (4th Cir. 1998) (unpublished) (affirming dismissal of six named plaintiffs, stating: "Redundant though it may seem to require consents from the named plaintiffs," an FLSA collective action "renders consents necessary.").  Both the FLSA and relevant case law require named plaintiffs to submit written consent to join in a collective action, and this requirement is not satisfied by the filing of the complaint alone. *See Gonzalez* v. *ElAcajutla Rest. Inc.,* No. CV 04-1513(JO), 2007 WL 869583, at *5 (E.D. N.Y. Mar. 20,2007).

However, the statutory language requires a prospective party plaintiff only to give consent in writing and to file such consent in the court.  "While it is clear that some document in addition to the complaint must be filed, it is not clear what form the written consent must take, especially when the alleged party plaintiff is a named plaintiff." *D 'Antuono v.  C &G ofGroton,  Inc.,* 3:11CV33 MRK, 2012 WL 1188197 (D.Conn. Apr. 9,2012); *see, e.g., Manning v.  Gold Belt Falcon, LLC,* No. 08-3427 (JEI/KMW), 2011 WL 4583776, at *2 (D.N.J. Oct. 5, 2011) ("With respect to form, courts have shown considerable flexibility as long as the signed document indicates consent to join the lawsuit."); *Perkins* v. *S. New Eng. Tel. Co.,* No. 3:07-cv-967 (JCH),

2009 WL 3754097, at *3 n. 2 (D.Conn. Nov. 4, 2009) ("[W]hile a consent form need not take any specific form, courts have generally accepted irregular consent forms where the signed document verifies the complaint, indicates a desire to have legal action taken to protect the party's rights, or states a desire to become a party plaintiff."); *Mendez* v. *The Radec Corp.,* 260 F.R.D. 38, 52 (W.D. N.Y. 2009) ("[C]ourts have generally not taken a strict approach with regard to the form of the written consent, as least with respect to named plaintiffs... .[A]ll that is required is a signed statement indicating the plaintiffs intent, and consent, to participate as a plaintiff in the collective action.").

While the statute is clear that written consent must be filed, the fact that Croy previously filed a consent form and offered other written proof of her agreement to participate in the class action justify this Court's decision to deny summary judgment. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") case addressing this point that Defendant examines, *In re Food Lion, Inc.,* is unpublished. However, even to the extent that the case is instructive, the Fourth Circuit's holding focused on the calculation of the statute of limitations period as opposed to the nature of the written consent. *In re Food Lion, Inc.* does not address circumstances where a consent form was previously filed with an identical Complaint, a consent form was inadvertently unattached due to a clerical error, or consent was evidenced by other written documents as opposed to a formal form. The plain language of the statute does not specify that a certain form be used, but only requires that a clear intent to be a party plaintiff be manifested. *See D'Antuono,* 2012 WL, at *4 (denying the defendant's motion for summary judgment because the plaintiffs affidavit was interpreted to be "implicitly verifying the complaint,

expressing an interest that legal action be taken to protect her rights, and expressing an interest in being a party plaintiff," even though she did not timely file a traditional consent form).

Croy submitted a traditional consent form with her original Complaint. After her subsequent complaint was filed, she filed a declaration in support of Plaintiffs' Motion for Conditional Certification on January 26,2012 and a Motion for Conditional Certification on February 22,2012. She also responded to interrogatories and requests for productions as well as was deposed for seven hours. Lastly, Croy filed a traditional consent form with Plaintiffs Opposition to Defendant's instant Motion. *See* PI. Opposition to Mot. Summ'y J., Exhibit G (ECF No. 343-7). Therefore, as a result of all of Croy's efforts within the statute of limitations period that implicitly demonstrated her consent to join the class action, the Motion to dismiss her through summary judgment is **DENIED.**

## C. Motion for Summary Judgment Based on the Statute of Limitations

Defendant believes that the claims of 432 individuals who opted into this collective action are not timely under the applicable statute of limitations because more than three years passed after their receipt of their last paycheck as an hourly sales associate before the opt-in plaintiffs filed a consent to join form with this Court. Plaintiffs' counsel does not have authority to dismiss these claims on behalf of the opt-in plaintiffs, but, assuming all records are accurate as submitted by Defendant, Plaintiffs' counsel will not actively pursue these claims. Because Plaintiffs have not presented any evidence to the contrary and have not defended these individual plaintiffs against Defendant's Motion, summary judgment is GRANTED for Defendant and these 432 plaintiffs are **DISMISSED** from this action as their claims are time-barred by the applicable statute of limitations.

**D.  Motion for Summary Judgment Based on Opt-In Plaintiffs' Bankruptcy Petition**

Defendant asserts that 24 opt-in plaintiffs filed for Chapter 13 bankruptcy and failed to disclose their claims against Dollar Tree as an asset on their respective bankruptcy schedules either initially or through amendment, and must be judicially estopped from pursuing any claims in this action. Also, 70 opt-in plaintiffs filed for Chapter 7 bankruptcy after they had knowledge of their claims against Dollar Tree and after their claims had accrued and now lack standing to pursue this litigation and are barred from pursuing their claims under the doctrine of judicial estoppel.

Plaintiffs' counsel states that, due to the circumstances surrounding the Chapter 13 and Chapter 7 bankruptcy petitions, they will no longer actively pursue these claims on behalf of these plaintiffs. However, Plaintiffs' counsel requests that the Court permit these plaintiffs 30 days to submit any evidence indicating that they should be allowed to proceed, and if no evidence is submitted, Plaintiffs' counsel requests dismissal without prejudice to allow plaintiffs to discuss their option to re-file individual lawsuits with their bankruptcy attorney. Defendant contends that plaintiffs should not be given an additional 30 days to consider their options because it conferred with Plaintiffs' counsel on this issue four months ago. Also, Defendant contends that Plaintiffs' counsel should have agreed to dismissal of these bankruptcy plaintiffs since summary judgment is not opposed. Additionally, Defendants underscores that Plaintiffs' counsel has not withdrawn from representing these bankruptcy plaintiffs but rather only ceases to pursue their claims, exposing Defendant to the possibility of defending against these claims later.

Defendant's Motion for Summary Judgment is GRANTED and the plaintiffs who have filed for bankruptcy without acknowledging claims against Dollar Tree are **DISMISSED WITH PREJUDICE** from this action. Because Plaintiffs had ample time to preserve their claims, they

are not given an additional 30 days to gather and submit evidence. Also, it would be a waste of resources to allow these plaintiffs to later file individual claims after having squandered their opportunity to proceed in the class action. Therefore, the Motion for Summary Judgment is **GRANTED.**

In its Reply Memorandum in Support of its Motion for Summary Judgment, Defendant requests that Plaintiffs' counsel be ordered to pay costs and attorney's fees Defendant incurred in bringing its summary judgment motion, pursuant to 28 U.S.C. § 1927. Defendant explains:

> After Dollar Tree put Plaintiffs' counsel on notice in April 2013 that the 94 Bankruptcy Opt-Ins had filed bankruptcy petitions without listing their claims against Dollar Tree, Plaintiffs' counsel had an obligation to investigate whether the Bankruptcy Opt-Ins had a legitimate basis for continuing to pursue their claims. Indeed, in their May 20, 2013 correspondence to Dollar Tree's counsel, the Bankruptcy Opt-Ins' counsel advised that they were "evaluating" Dollar Tree's request for dismissal. Ex. B. Since then, they have neither moved to dismiss any of the Bankruptcy Opt-Ins nor have they presented any evidence or argument to support the right of the Bankruptcy Opt-Ins to pursue their claims against Dollar Tree. Instead, they merely averred that they do "not have the authority to dismiss these claims" but they "will no longer actively pursue [them]".

Defendant believes Plaintiffs' counsel was obligated to advise the bankruptcy plaintiffs to dismiss claims against Dollar Tree that were not disclosed in their bankruptcy proceedings.

While it is true that attorneys have an obligation to dismiss claims or withdraw as counsel if there is no basis to believe the client's claims have merit, these bankruptcy plaintiffs did not give their counsel permission to dismiss their claims either because they unreasonably refused permission or did not respond to their counsel at all. In a case demanding counsel to manage thousands of plaintiffs and with particular plaintiffs represented by other attorneys in separate bankruptcy proceedings, it was reasonable for Plaintiffs' counsel not to dismiss the bankruptcy opt-in plaintiffs after receiving notice of the bankruptcy filings. Taking time to assess the situation as opposed to moving for dismissal immediately is not an unreasonable or bad faith action. While

it may have been more convenient for the parties to have agreed on dismissal as opposed to filing this Motion for Summary Judgment, failure to agree to dismissal without the authority of the client does not warrant sanctions pursuant to § 1927.  Accordingly, Defendant's request for sanctions is **DENIED.**

## E.  Motion for Partial Summary Judgment Dismissing Seventeen Opt-In Plaintiffs Who Are Not Members of the Collective

Defendant seeks summary judgment in its favor that will dismiss the claims of 17 opt-in plaintiffs who do not meet the requirements of the collective action because they never worked as hourly sales associates for Dollar Tree.  Plaintiffs' counsel has obtained permission to dismiss 8 of these plaintiffs.  Plaintiffs' counsel has received evidence from plaintiff Sabrina Gutierrez that she worked for Dollar Tree in 2010 as evidenced by her W-2 Tax Statement (ECF 381-1).  Plaintiffs do not present evidence that the other 8 plaintiffs meet the requirements of the collective but urge the Court not to dismiss their claims because Defendant's records have previously been unreliable.

Here, Plaintiffs present a genuine issue of material fact as to Sabrina Gutierrez's employment with Defendant and Defendant concedes in its Reply Memorandum that her records may have initially been misinterpreted due to a clerical error; thus summary judgment is **DENIED** in favor of Sabrina Gutierrez. However, Plaintiffs have not presented any evidence that any of the 16 other plaintiffs worked as hourly sales associates for Dollar Tree.  Conversely, Defendant presented evidence that it does not have records of these plaintiffs as employees during the relevant time period. It is clear that "[o]nce a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists." *Stevens* v. *Holder,* 2013 WL 4430901, at *5 (E.D. Va. Aug. 16, 2013).  Plaintiffs have failed to do so. Because there is no genuine dispute as to any material fact regarding the employment of these 16

15

plaintiffs, Defendant's Motion for Partial Summary Judgment is **GRANTED.** All plaintiffs subject to this Motion with the exception to Sabrina Gutierrez are **DISMISSED WITH PREJUDICE** from this action.

### F.  Motion to Dismiss 129 Opt-In Plaintiffs With Prejudice for Failure to Attend Depositions

Defendant moves for an additional 129 opt-in plaintiffs who failed to or refused to appear for their depositions to be dismissed with prejudice.  One-hundred eleven opt-in plaintiffs refused to appear for depositions and 18 confirmed their attendance but failed to appear at the scheduled deposition, actions Defendant believes demonstrate that they no longer wish to participate in the case.  Defendant also affirms that all but 2 plaintiffs failed to provide proof of their excuses. Defendant states that it wasted considerable time and resources seeking discovery from these plaintiffs.

Although Plaintiffs concede that some opt-in plaintiffs should be dismissed without prejudice as a result of their unexcused failure to attend a deposition, they argue there are three other groups of plaintiffs who should remain in the class because they did not refuse to participate in discovery unjustifiably.  Instead, they had family, medical, personal or work issues that interfered with their ability to travel at their own expense to a deposition on a set date or could not meet Defendant's last minute demand for deposition.  Plaintiffs also argue that the sanction of dismissal at this stage of the proceedings is inappropriate, considering the substantial amount of evidence already available to the Court to determine whether this case should be certified as a collective action.

Each opt-in plaintiff at issue affirmatively joined this lawsuit and has a duty to participate in discovery related to this action by appearing for their deposition.  This Court has the authority to

dismiss cases under Rules 37(d) and 41(b) using a similar four-factor test: (1) whether the noncomplying party acted in bad faith or with a degree of personal responsibility, (2) the amount of prejudice caused to the defendant; (3) the need for deterrence in light of a history of noncompliance, and (4) the effectiveness of less drastic sanctions than dismissal.

Plaintiffs who did not attend their deposition, unless they provided an excuse plus submitted responses to interrogatories, are **DISMISSED WITH PREJUDICE.** These plaintiffs include those who received less than 30 days' notice of deposition, those who provided declarations and hours estimates only, those who offered excuses for non-attendance at their deposition without also complying with written discovery requests, and those who were completely unresponsive.

As for the first factor, there is evidence that the plaintiffs who never responded to the deposition request acted in bad faith under Rules 37 and Rule 41 by ignoring this Court's previous warnings to participate fully in discovery. For the plaintiffs who offered excuses, there may not be evidence of bad faith, but there is evidence that they did not act with a high degree of personal responsibility if they did not submit written discovery as well. These plaintiffs did not attend their depositions and failed to provide written responses to interrogatories and, even in light of valid excuses and less than 30 days' notice, they have not demonstrated their willingness to participate fully in discovery.

The second and third factors weigh heavily in favor of Defendant. Defendant would be prejudiced by having to defend against claims asserted by plaintiffs who have not offered adequate discovery regarding their specific allegations. Considering that "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information

which in many cases is not otherwise available," Defendant will suffer significant prejudice as a result of Plaintiffs' continued noncompliance with discovery requests. *Middlebrooks v. Sebelius,* 2009 WL 2514111, at \*3 (D. Md. Aug. 13, 2009). The evidence Defendant seeks in deposition goes to the heart of Plaintiffs' claims and failure to comply with discovery requests and orders precludes Defendant from preparing a defense. Additionally, with a class of over 6,000 plaintiffs, the Court needs to deter noncompliance with Court orders and rules of procedure as well as refusals to participate in all aspects of adjudication of the case. These particular plaintiffs have a history of noncompliance and have not indicated a likelihood of responding to future discovery requests, necessitating deterrence of such behavior. As to the final factor, the effectiveness of lesser sanctions than dismissal, these plaintiffs' unresponsiveness thus far, despite Defendant's good faith efforts and the Court's repeated interventions in the discovery process, indicates that lesser sanctions will not be effective; thus dismissal of these plaintiffs with prejudice is appropriate and the Motion is **GRANTED.**

Only opt-in plaintiffs who both provided an excuse for missing their scheduled deposition as well as submitted responses to Defendant's interrogatories will be allowed to continue as class members. As for the first factor, there does not seem to be evidence of bad faith but there is a demonstration of a degree of personal responsibility since they answered interrogatories and acknowledged the deposition request. While Defendant argues that some plaintiffs' written discovery were untimely and incomplete, these deficiencies will be cured pursuant to an earlier Order to compel verification of their responses. There is little likelihood of prejudice to Defendant, the second factor to be considered, because Defendant has been made aware of their claims through other means of discovery and had sufficient information for its Motion to Decertify. As

for the third factor, the Court has an interest in deterring non-attendance, but this deterrence may occur as a result of the dismissal of hundreds of other uncooperative plaintiffs. The fourth factor weighs in favor of Plaintiffs because the extreme sanction of dismissal is less appropriate for plaintiffs who have participated in the collective action by responding to interrogatories and justifying their inability to attend a deposition.  Dismissal of plaintiffs who both responded to interrogatories and provided an excuse for missing their deposition is **DENIED.**

## G.  Motion for Sanctions As To Opt-In Plaintiffs Who Failed to Provide Any Response At AH To Interrogatories and Document Requests

Defendant seeks dismissal, with prejudice, of the 1,188 plaintiffs who failed to respond to interrogatories and document requests pursuant to Rule 37(d) and Rule 41(b).  Defendant states that it is undisputed that these plaintiffs failed to respond to their written discovery requests even after the Court admonished them that they were required to participate fully in discovery.  Plaintiffs assert that dismissal would be extreme for the plaintiffs who submitted late responses, attended depositions or provided declarations and hours estimates.  Plaintiffs concede that for the plaintiffs who have not responded at all, dismissal is appropriate, but without prejudice.

This Court may dismiss plaintiffs pursuant to Rules 37(d) and 41(b) using the aforementioned four-factor test: (1) whether the noncomplying party acted in bad faith or with a degree of personal responsibility, (2) the amount of prejudice caused to the defendant; (3) the need for deterrence in light of a history of noncompliance, and (4) the effectiveness of less drastic sanctions than dismissal.  Failure to respond to interrogatories can merit dismissal or default. *BizProlink, LLC* v. *Am. Online,* Inc., 140 Fed. App'x. 459,462 (4th Cir. 2005).  Moreover, noncompliance with discovery orders supports a finding of bad faith. *Id.*

19

In accordance with its ruling in the aforementioned Motion to Dismiss, plaintiffs who have not provided written discovery are **DISMISSED WITH PREJUDICE.**  Sanctions in the form of dismissal will not be levied against the 3 plaintiffs who filed their written responses late if they also attended a deposition or provided an excuse. Sanctions in the form of dismissal are not levied against the 7 plaintiffs who attended depositions.  In regards to the first factor, plaintiffs who ignored discovery requests demonstrated bad faith and a lack of personal responsibility in their duty as members of the class. With the exception of the 10 plaintiffs who attended their scheduled depositions or both submitted their interrogatory responses late and provided an excuse for failing to attend their deposition, the rest of the plaintiffs at issue have not demonstrated that they assumed responsibility over the case and have wasted the parties' and the Court's resources.

In regards to the second factor, having to defend against plaintiffs who provided no written discovery would prejudice Defendant. However, in the case of the 10 plaintiffs who responded late and were deposed, Defendant has acquired sufficient discovery from them to make the party aware of their allegations and allow it to complete its Motion to Decertify. In regards to the third factor, plaintiffs at issue in this Motion have a history of non-compliance with discovery requests and court orders.  The Court has an interest in deterring this behavior, especially since a second phase of discovery may commence after the order on the Motion to Decertify is entered. Also, even though this Court made clear in its previous Order from April 2013 that it would consider motions for relief regarding opt-in plaintiffs who refuse to cooperate in discovery, these plaintiffs have nevertheless ignored discovery requests.  In regards to the fourth factor, Defendant already filed its Motion to Decertify, making other sanctions demanding discovery moot.  Plaintiffs only suggest prohibiting non-responsive plaintiffs from testifying at trial as a lesser sanction.  However,

this Court has already dismissed plaintiffs who likewise ignored discovery requests, and there is no reason for the Court to now impose less severe sanctions under similar circumstances. For the 10 plaintiffs who attended depositions or who responded untimely to interrogatories and provided an excuse for their non-attendance at their deposition, the sanction of dismissal is too severe in light of their demonstrated degree of participation and responsibility in the action.

## H. Additional Motions

Defendant filed a Motion to Decertify the conditionally certified collective action in this case and dismiss all opt-in plaintiffs. Defendant's request for a hearing on this issue of decertification is **GRANTED** because oral argument may aid the Court in its decisional process. Accordingly, judgment on the issues Defendant proposes in this Motion to Decertify is **DEFERRED.** Plaintiffs Motion to Set Class Decertification Briefing Schedule to provide sufficient time for each party to respond to Defendant's Motion to Decertify is **DENIED** as **MOOT** because the Motion to Decertify has been fully briefed.

Plaintiffs moved for Defendant to be ordered to attend a settlement conference. Because there are pending motions that should be decided before settlement could seriously and efficiently be discussed, Plaintiffs' Motion to Order Settlement Conference is **DEFERRED.**

Defendant filed a Motion to Dismiss Thirty-Nine Opt-In Plaintiffs with Prejudice for Failure to Prosecute. These plaintiffs expressed a desire to no longer participate in the case. This Motion is **GRANTED** and these plaintiffs are **DISMISSED WITH PREJUDICE.**

Plaintiffs filed a Supplemental Motion to Voluntarily Dismiss Certain Opt-In Plaintiffs who informed Plaintiffs' counsel that they no longer wish to participate in this case and requested to be

dismissed from this action without prejudice.  This Motion is **GRANTED** and these plaintiffs are **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Plaintiffs' Motion for Leave To Add Additional Named Plaintiffs (ECF No. 389) is **GRANTED.**   Defendant's Motion for Summary Judgment with Respect to Theresa Croy for Failure to File Consent (ECF No. 290) is **DENIED.** Defendant's Motion for Summary Judgment Based on the Statute of Limitations (ECF No. 350), Motion for Summary Judgment Based on Opt-In Plaintiffs' Bankruptcy Petitions (ECF No. 352) and Motion for Partial Summary Judgment Dismissing Seventeen Opt-In Plaintiffs Who Are Not Members of the Collective (ECF No. 366) as it relates to plaintiffs at issue with the exception of Sabrina Gutierrez are **GRANTED WITH PREJUDICE.**  Defendant's Motion to Dismiss 129 Opt-In Plaintiffs With Prejudice for Failure to Attend Depositions (ECF No. 371) and Motion for Sanctions As To Opt-In Plaintiffs Who Failed to Provide Any Response At All To Interrogatories and Document Requests (ECF No. 401) are **GRANTED-IN-PART and DENIED-IN-PART.** Defendant's Motion to Dismiss Thirty-Nine Opt-In Plaintiffs with Prejudice for Failure to Prosecute (ECF No. 368) and Plaintiffs'  Supplemental Motion to Voluntarily Dismiss Certain Opt-In Plaintiffs (ECF No. 377) are **GRANTED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that judgments on Plaintiffs' Motion to Order Settlement Conference (ECF No. 423) and Defendant's Motion to Decertify the Collection Action (ECF No. 405) are **DEFERRED.**  Plaintiffs' Consent Motion to Set Class Decertification Briefing Schedule re [109] Order (ECF No. 397) is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Defendant's request for a hearing in regards to its

Motion to Decertify the Collective Action (ECF No. 427) is **GRANTED.**  The parties shall

participate in a hearing to occur on a date to be determined by the Court.  Defendant's requests for

a hearing related to the other aforementioned motions (ECF. No. 409 and ECF No. 417) are

**DENIED** as **MOOT.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to

counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia                                                    **Raymond A/Jackson**
January  Z , 2014                                            **United States District Judgñt**

23