IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARINA LaFLEUR, ET AL.

    Plaintiffs,

v.                                                        CIVIL ACTION NO.: 2:12-cv-00363

DOLLAR TREE STORES, INC.

    Defendant.

## *MEMORANDUM ORDER*

This matter is before the Court on Dollar Tree Stores, Inc.'s ("Defendant" or "Dollar Tree") Motion for Reconsideration of this Court's March 7, 2014 Order ("March Order") denying its Motion to Decertify the Collective. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons stated herein, Defendants' Motion for Reconsideration, ECF No. 454, is **DENIED**.

Under Rule 54(b) of the Federal Rules of Civil Procedure, an interlocutory order is subject to revision "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The decision to modify an interlocutory ruling is within the sound discretion of the trial court. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). In other words, "a district court retains the power to reconsider and modify its interlocutory judgments." *Id.* at 514-15. The district court's reconsideration of an interlocutory order is not subject to the heightened standards that apply to reconsideration of a final judgment. *See id.* at 514. Instead, the district judge may exercise the discretion to afford relief from interlocutory orders "as justice requires." *Fayetteville Investors*

1

*v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir. 1991). A district court may grant a motion for reconsideration under Rule 54(b): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see also Gordon v. ArmorGroup, N.A., Inc.*, No. 1:10cv002, 2010 WL 4272979, at *1 (E.D. Va. Oct. 19, 2010); *Moore v. United States*, No. 2:05CV244, 2006 WL 763656, at *1 (E.D. Va. Mar. 23, 2006) ("[S]uch motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted.").

In the instant Motion, Defendant argues for reconsideration of the denial of decertification based upon a clear error of fact, clear errors of law and prevention of manifest injustice. The Court recognizes this Motion for Reconsideration as Dollar Tree's attempt to reargue issues that the Court has addressed or present new case law to support theories that have already been rejected. *See United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) (when a party "fails to present his strongest case in the first instance," he loses the "right to raise new theories or arguments in a motion to reconsider"). Because it is axiomatic that a motion for reconsideration is not a tool with which an unsuccessful litigant may force the court's attention to matters adequately and previously addressed, the Court denies Defendant's request for reconsideration.

In its challenge to the Court's factual findings, Defendant urges the Court to reconsider the evidence pertaining to timekeeping, labor budgeting, corporate policies and monitoring. However, the Court based its factual findings on evidence that, though disputed, was not insufficient. The Court already considered the record evidence, and Defendant cannot use a motion for reconsideration to relitigate matters that have already been before the court. *See*

2

*Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005) (noting that a motion for reconsideration cannot serve as an avenue for a party to "present a better and more compelling argument that the party could have presented in the original briefs."). Defendant's claim that the Court should reconsider its ruling on decertification to correct a clear error of fact is unavailing.

Defendant makes three arguments that the Court committed clear errors of law, Defendant makes three arguments. First, Defendant depends on *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1272 (4th Cir. 1996) to stress that a FLSA ("Fair Labor Standards Act") violation exists only if off-the-clock work leads to total compensation below the minimum wage or failure to compensate for time and a half for a work week over forty hours. The Court acknowledges that, based on the Fourth Circuit's analysis in *Monahan*, to prove an overtime or minimum wage violation, an opt-in plaintiff must show that he or she performed uncompensated off-the-clock work that caused the employee to work more than forty hours in a week or the employee's hourly rate to fall below minimum wage. Def.'s Mot. Recons. Mem. at 14 (citing *Davis v. Food Lion*, 792 F. 2d. 1274, 1276 (4th Cir. 1986). However, the March Order did not specifically reference *Monahan* because Defendant failed to bring the case to the Court's attention in its original briefing or at the decertification hearing. *See United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) (noting that it is not the responsibility of the court to construct arguments or provide rationales that a party overlooks). Defendant may not now develop a stronger and better defined challenge to certification by using *Monahan*'s framework for minimum wage and overtime violations to expand its argument against the collective. Moreover, Defendant has not shown that the Court's reasoning in the March Order suffers from a clear error of law pursuant to *Monahan* for omitting an explicit outline of the

elements of proof for minimum wage and overtime violation claims. *Monahan* considered a grant of summary judgment in a case where salaried police officers sued for straight time compensation. *Monahan* does not examine the similarly situated standard for certification of a collective. Even in consideration of *Monahan*, the similarly situated analysis would not have turned out differently, which means there was no clear error of law to be corrected. The Court weighed the factual and employment settings, individualized defenses and fairness and procedural considerations factors in the context of the overtime and minimum wage standards under the FLSA. Through its analysis of the particular facts presented by the parties, the Court determined that plaintiffs' hours worked and pay rate did not preclude a finding that the collective members were "similarly situated." While this information is determinative of an opt-in plaintiff's damages, the Court did not conclude that an exact accounting of the amount of hours and pay for each individual permitted or prohibited a finding that a practice of allowing off-the-clock work existed in Dollar Trees Stores that made the performance of uncompensated work possible in violation of the FLSA. The Court reposes great confidence in the propriety of its determination that Plaintiffs established by a preponderance of the evidence that opt-in plaintiffs are similarly situated with common issues that can be substantially adjudicated without consideration of particularized facts; thus the Court declines to reconsider its March Order.

Second, Defendant challenges the Court's identification of the central core issue as whether a practice of allowing off-the-clock work existed in Dollar Trees Stores that made the performance of uncompensated work possible. Defendant identifies four core issues: (1) whether plaintiffs performed uncompensated work; (2) about which Dollar Tree had actual or constructive knowledge; (3) in an amount that can be established as a matter of just and reasonable inference, and (4) the uncompensated work caused them to work more than forty

hours or receive less than minimum wage in a specific work week. In terms of the latter three issues Defendant asserts—knowledge, inferred amount and minimum wage and overtime violations—Defendant never argued that these issues are central to the disposition of the case until now. Defendant only mentioned knowledge of off-the-clock work in its Motion to Decertify as a potential defense. *See* Def.'s Mot. Decertify Mem. 26-27. Likewise, Defendant only addressed establishing amount and violations during the decertification hearing, and did so in the context of individualized defenses. *See* Tr. at 18:25-19:23. In its March Order, the Court considered all three issues as defenses, albeit not as core issues. Defendant could have argued that these matters were core issues in addition to defenses but failed to do so, and must be precluded from asserting this argument now. The Court does not find redesignating these issues as core and central to be a sufficient justification for reconsideration.

Third, Defendant maintains that it has a due process right to present every available defense, and the Court's conclusion that the presence of individual defenses will not make the collective action unmanageable is clearly erroneous as a matter law. The case law Defendant cites to support this contention is not binding on this Court and is distinguishable from the instant case. The Court did not commit a clear legal error in finding that Defendant will be able to defend its claims in a manageable manner by asserting broad defenses against the entire collective as well as individualized defenses through bifurcation or other measures.

Lastly, in terms of Defendant's contention that the Court must reconsider its March Order to prevent manifest justice, "[w]here reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being almost indisputable.'" *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007) (quoting *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785

(2006)). Reconsideration will not prevent manifest injustice because requiring Defendant to be bound by the Court's March Order will not result in prejudice to either party. Defendant reasserts previous arguments and asserts new arguments in an attempt to convince this Court that it misapplied the facts and the law, but the Court has not found any clear error of fact or law that needs to be corrected. Defendant will be able to defend its corporation from liability against the class as employees with similar classifications, duties, experiences and claims regarding Dollar Tree's practices. Defendant will also be able to address minimum wage and overtime violations distinctions because Plaintiffs will have to establish that each collective member has a viable FLSA claim. Defendant may also raise collective and individualized defenses through certain measures, and make appropriate arguments related to damages, if necessary.

Given the discretion invested in this Court to reconsider its earlier decision, the Court finds that Defendant has not asserted any meritorious ground to amend the Court's March Order. Accordingly, Defendants' Motion for Reconsideration is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 20, 2014

/s/
Raymond A. Jackson
United States District Judge