IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARINA LaFLEUR, ET AL.

    Plaintiffs,

v.

CIVIL ACTION NO.: 2:12-cv-00363

DOLLAR TREE STORES, INC.

    Defendant.

## *MEMORANDUM ORDER*

Before the Court is Defendant's Motion for Certification of Interlocutory Appeal and Stay of Order Denying Decertification (ECF No. 456). In the Motion, Defendant moves the Court to certify for interlocutory appeal three questions related to the March 7, 2014 Order denying certification, which Defendant argues are appropriate for review:

> (1) Whether evidence of how many hours individual plaintiffs worked and evidence of their pay rates is relevant to liability, not just damages, in a Fair Labor Standards Act ("FLSA") case, and therefore must be considered on a motion to decertify a collective action.
>
> (2) Whether variations in damages among plaintiffs are relevant to decertification of a collective action.
>
> (3) Whether a court can certify a collective action where some managers follow a policy against off-the-clock work, but others do not, and plaintiffs' claims are subject to "varied circumstances," a "combination of practices" and "factual differences."

*See* Def.'s Mem. In Supp. 1-2, ECF No. 457.

Section 1292(b) of Title 28 of the United States Code allows a district judge to certify his or her order for appellate review when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(b).

The decision to certify issues for interlocutory appeal rests wholly within the discretion of the district court. *McDaniel v. Mehfoud*, 708 F. Supp. 754, 756 (E.D. Va. 1989). However, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has ruled that the procedural requirements for interlocutory appeal under Section 1292(b) are to be strictly construed and applied. *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989) (citing *Milbert v. Bison Lab., Inc.*, 260 F.2d 431 (3d Cir. 1958)). Furthermore, "given the basic policy of postponing appellate review until after the court has entered final judgment in the case, § 1292(b) clearly places on the movant the burden of persuading the court that 'exceptional circumstances' justify departure from that policy." *North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F.Supp. 849, 853 (E.D.N.C. 1995) (citations omitted).

Defendant has not met its burden of establishing exceptional circumstances to justify certification of interlocutory appeal because its questions do not satisfy the controlling question of law requirement for early appellate review. *See Atlantic Textile Grp., Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996) (citing 28 U.S.C. § 1292(b)) (holding that to determine whether to exercise its discretion to certify for interlocutory appeal, the order must pertain to a "controlling question of law"); *see also Fannin v. CSX Transp., Inc.*, No. 88-8120, 1989 WL 42583, at *5 (4th Cir. April 26, 1989) (noting that a controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes.").

First, Defendant's proposed questions are not pure questions of law; rather, they would require the Fourth Circuit to study the record extensively. "[T]he term 'question of law' in section 1292(b) refers 'to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine.'" *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626

(7th Cir. 2010) (quoting *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)). "[A] pure question of law [is] something the court of appeals could decide quickly and cleanly without having to study the record." *Id.* at 625-26. However, questions requiring the court of appeals to hunt through the record are not appropriate for interlocutory appeal. *See id.* at 626 (holding that a question is not a controlling question of law if the court of appeals is required to review findings of fact or application of legal standards to set of facts). Defendant's questions constitute a challenge to the correctness of this Court's application of the "similarly situated" standard under the specific facts of this case. Resolving these questions would require the Fourth Circuit to review the record to determine the level of consideration the Court should have given certain factual information within its weighing of the fact-intensive multifactor "similarly situated" standard. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1262 (11th Cir. 2008) ("[U]ltimately, whether a collective action is appropriate depends largely on the factual question of whether the plaintiff employees are similarly situated to one another."). Because the Fourth Circuit would be required to consider the particular facts and claims of the case if the proposed questions are certified for appeal, the decertification order and related questions are inappropriate for interlocutory review.

Second, not only has Defendant failed to present pure questions of law, Defendant has not established that its questions are "controlling." A question of law is not controlling if litigation will "necessarily continue regardless of how that question [is] decided." *North Carolina ex rel. Howes*, 889 F. Supp. at 853. Here, the Court never determined that the issues presented by Defendant's questions—hours worked, pay rates, damage variations or varied circumstances—were irrelevant to the decertification analysis. Instead, the Court found these issues relevant but not determinative of whether the proposed class shared common issues

central to the disposition of the FLSA claims and whether such common issues can be substantially adjudicated without consideration of particularized facts. In other words, the Court held that the differences in hours, pay rate, damages and circumstances would not preclude a finding that opt-in plaintiffs were similarly situated in terms of the core issue in the case, whether a practice of allowing off-the-clock work existed in Dollar Trees Stores that made the performance of uncompensated work possible in violation of the FLSA. The highly fact-intensive nature of the inquiry required infers that even a ruling in favor of Defendant on appeal may not terminate this case. While an issue need not be dispositive in order to be controlling, Defendant has not established that the resolution of its questions on appeal would "materially affect the outcome of litigation" because the Court's decision to deny decertification was based on a relative weighing of facts in the record beyond those Defendant moves to challenge on appeal. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

Having considered the foregoing analysis under Section 1292(b), the Court does not find it appropriate to certify its March 7, 2014 Order for appeal, and Defendant's Motion for Certification for Interlocutory Appeal and to Stay Order Denying Decertification is **DENIED**. Since the Court declines to issue certification for interlocutory appeal, there is no reason proceedings in this case should be stayed.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 20, 2014

Raymond A. Jackson
United States District Judge