IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARINA LaFLEUR, ET AL.

Plaintiffs,

v.

CIVIL ACTION NO.: 2:12-cv-00363

DOLLAR TREE STORES, INC.

Defendant.

## *MEMORANDUM ORDER*

Before the Court is Defendant Dollar Tree Stores, Inc.'s Motion for Partial Summary Judgment Dismissing 32 Opt-In Plaintiffs Either Who Are Not Members of the Collective or As to Whom the Statute of Limitations Has Run. ECF No. 463. Specifically, Defendant requests summary judgment against four plaintiffs who never worked for Dollar Tree Stores, Inc. as hourly sales associates and, therefore, have no claims within the scope of this collective action. Defendant also requests summary judgment against twenty-eight other plaintiffs whose claims are not timely under the applicable statute of limitations because more than three years passed after the receipt of their last paycheck as an hourly sales associate before they filed a consent form with this Court.

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also McKinney v. Bd. of Trustees of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the fact is not necessary to clarify the application of the law.") (citations omitted).

In deciding a motion for summary judgment, the court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (internal quotations omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Defendant has provided evidence that the thirty-two plaintiffs at issue never worked as hourly sales associates or have claims which are time-barred. Plaintiffs have not presented any evidence to the contrary and have not defended these individual plaintiffs against Defendant's Motion. Assuming Defendant's records are correct, Plaintiff has not offered any opposition to summary judgment but maintains that Plaintiffs' counsel does not have authority to dismiss these claims on behalf of the opt-in plaintiffs. Because there is no genuine dispute as to any material fact regarding whether the opt-in plaintiffs worked as hourly sales associates or asserted a claim within the applicable statute of limitations period, Defendant's Motion for Partial Summary Judgment is **GRANTED**. The thirty-two opt-in plaintiffs are **DISMISSED WITH PREJUDICE** from this action.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 23, 2014

/s/
Raymond A. Jackson
United States District Judge