## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

MARINA LaFLEUR, and
THERESA CROY, individually and
on behalf of others similarly situated,

    Plaintiffs,

v.                                                   CIVIL ACTION NO. 2:12cv363

DOLLAR TREE STORES, INC.,
d/b/a DOLLAR TREE, and d/ba/ DEALS,

    **Defendant.**

### MEMORANDUM OPINION & ORDER

This matter comes before the Court for reconsideration of a Joint Motion for Approval of Settlement and Plaintiffs' Unopposed Petition for Approval of Attorneys' Fees and Expenses based on supplemental filings by both Parties. On July 23, 2015, the Court held a settlement fairness hearing and, for the reasons stated in open court and in the Court's order, the Joint Motion for Approval of Settlement and Plaintiffs' Unopposed Petition for Approval of Attorneys' Fees and Expenses were both denied. The Parties supplemented their filings to provide additional information regarding the concerns the Court expressed. Upon review of the supplemental filings, the Court finds that the settlement amount and requested attorneys' fees are not supported by sufficient evidence to warrant approval. Therefore, the Joint Motion for Approval of Settlement and Plaintiffs' Unopposed Petition for Approval of Attorneys' Fees and Expenses are both **DENIED**.

### I. FACTUAL & PROCEDURAL HISTORY

On March 19, 2014, a settlement conference for this matter was scheduled for April 29, 2014 at 10:00am before Magistrate Judge Lawrence R. Leonard. On March 20, 2014, Magistrate

Judge Leonard issued a Settlement Conference Order providing instructions to the Parties for the settlement conference. (ECF No. 451.) On April 29, 2014, the Parties participated in a settlement conference, which was unsuccessful in resolving the matter. On April 30, 2014, Magistrate Judge Leonard issued a Recusal Order and the case was reassigned to Magistrate Judge Douglas E. Miller for contested matters. (ECF No. 462.) On May 15, 2014, the Parties participated in a telephone conference with Judge Leonard.

On February 13, 2015, a settlement conference was scheduled for March 2, 2015 before Magistrate Judge Leonard. On February 18, 2015, Magistrate Judge Leonard issued an Amended Settlement Conference Order. (ECF No. 483.) On March 2, 2015, the Parties participated in a settlement conference before Magistrate Judge Leonard.

On March 3, 2015, the Court received a letter from the Plaintiffs noticing settlement and a letter from the Defendant stating the same. (ECF Nos. 497, 498.) On March 3, 2015 and March 12, 2015, the Court held a telephone conference with the Parties. On March 19, 2015, the Parties filed a Joint Motion for Approval of Settlement and Plaintiffs' counsel filed a Motion for Approval of Attorneys' Fees and Expenses. (ECF Nos. 504, 506.)

On May 19, 2015, the Court held a telephone conference with the Parties to provide guidance on the appropriate notice to be sent to the opt-in Plaintiffs regarding the proposed settlement. During this telephone conference, the Court also indicated its reservations regarding the decertification clause in the proposed settlement agreement. In response, Defendant filed a motion requesting leave to file a memorandum explaining its position. (ECF No. 519.) The Court granted the motion. On July 1, 2015, Defendant filed its Memorandum Regarding Vacating the Certification Order in Connection with the Parties' Negotiated Settlement. (ECF No. 522.)

On July 23, 2015, the Court held a settlement fairness hearing. For the reasons stated in open court and in the Court's Order issued July 31, 2015, the Joint Motion for Approval of Settlement and Plaintiffs' Unopposed Petition for Approval of Attorneys' Fees and Expenses were both denied. (ECF No. 525.)

The Parties continued settlement discussions, and the Court permitted the Parties to supplement their filings within ten days of the date of the hearing. On August 3, 2015, Defendant filed its Supplemental Memorandum and Proposed Revisions to Parties' Negotiated Settlement. (ECF No. 526.) On the same date, Plaintiffs filed their Notice of Supplemental Authority Pursuant to the Directives of the Court. (ECF No. 527.)

## II. LEGAL STANDARDS

A Fair Labor Standards Act ("FLSA") settlement must be approved by the Department of Labor or a federal district court. *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005). In determining whether a settlement is "fair, adequate, and reasonable" there is "a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D.Va. Sep. 28, 2009) (citing *Camp v. Progressive Corp.*, No. Civ.A. 01-2680, Civ.A. 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)). Courts consider a number of factors in evaluating an FLSA settlement agreement, including:

> (1) the extent of discovery that has taken place;
> (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;
> (3) the absence of fraud or collusion in the settlement;
> (4) the experience of counsel who have represented the plaintiffs;
> (5) the probability of plaintiffs' success on the merits[;] and
> [(6)] the amount of the settlement in relation to the potential recovery.

*Id.* at *10 (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)); *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (citing *In re Dollar General Stores FLSA Litigation*, No. 5:09-MD-1500, 2011 WL 3841652, at *2 (E.D.N.C. Aug. 23, 2011)).

### III. DISCUSSION

#### A. Settlement Fund

The gross settlement amount is $300,000.00 for a collective of 4,209 opt-ins. The total distribution amount would be approximately $242,500.00, with the remainder used for administration of the settlement. Each Plaintiff would receive a minimum $10.00 payment and the maximum damages payment would be $361.07 (without the service payment and deposition bonus). (Ex. 2: Settlement Allocations, ECF No. 505.) Plaintiffs will receive their individual settlement amount based on a calculation of week-by-week analysis of the off-the-clock wages, the payroll data, and the dates of employment during the relevant time period. (Mem. to Supp. Joint Mot. for Approval of Settlement 6, ECF No. 505.)

At the settlement fairness hearing, in response to the Court's inquiry about the amount of the settlement fund as compared to the amount requested in attorneys' fees, Plaintiffs' counsel stated that many opt-ins worked only one hour or were short-term employees. In its Order, the Court cited the lack of support in the record to indicate that the proposed settlement amount is sufficient or fair. Accordingly, Plaintiffs' counsel was directed to supplement its filing with additional information regarding the settlement amount reached and a breakdown of the individual distribution amounts in this case. Plaintiffs' counsel provided this breakdown along with a declaration from their expert, Liesl M. Fox, Ph.D., agreeing with Defendant's expert calculation of $343,005.00 for Plaintiffs' damages. (ECF. No. 527.) However, neither party has provided the Court with sufficient explanation of how this calculation was reached.

Despite their supplemental filings, Plaintiffs' counsel and their expert neglect to explain the blatant discrepancy between their expert's initial calculation of $1,164,347.32 in damages for the Plaintiffs and the most recent $343,005.00 settlement calculation. (ECF. No. 461-2.) Further, Plaintiffs' initial complaint alleged $500,000,000 in damages exclusive of interest and costs. (ECF. No. 1, ¶ 8.) The Court notes that some claims and Plaintiffs have been dismissed. However, the most recent calculation is a steep reduction lacking support or explanation in proportion to the reduction from 6,267 to 4,209 opt-in Plaintiffs. Therefore, the record does not conclusively support the settlement amount.

**B.    Attorneys' Fees**

The fee applicant bears the burden of demonstrating the reasonableness of its fee request and the burden of producing evidence that the requested rates align with market rates for similar work "by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984); *see also Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). The party seeking payment "must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring). Analysis of reasonable attorneys' fees begins with a lodestar calculation of reasonable hourly rates multiplied by hours reasonably expended. *Grissom*, 549 F.3d at 320.

Plaintiffs' counsel has provided the name, position, hourly rate, amount of hours, and total fee claimed for each attorney and paralegal. However, Plaintiffs' counsel has failed to provide specific information regarding the nature of the work done by each person or the dates during which those hours were expended. Despite the Court's request for supplemental information, Plaintiffs' filings provide vague and general descriptions of the legal work

performed. The Court is unable to calculate a lodestar figure based on the lack of billing records and questionable hourly billing rates.

Plaintiffs' counsel also fails to provide sufficient evidence to support that the rates claimed for their attorneys are in accord with the market rate for the Hampton Roads area where the Court sits. Plaintiffs cite the Vienna metro matrix but provide minimal support to indicate that these rates apply in the Norfolk Division of the Eastern District of Virginia.[1] Analogously, the Fourth Circuit has reduced attorneys' requested rates finding that they failed to provide evidence to support applicability in Reston, VA of the Laffey Matrix used by the District of Columbia Circuit to determine prevailing hourly rates for litigation counsel in Washington, D.C. *Grissom*, 549 F.3d at 323. After review of attorneys' fee awards in similar FLSA cases, the Court finds the requested rates to be higher than those commonly used in the Norfolk Division of the Eastern District of Virginia for FLSA matters. *See Carr v. Rest Inn, Inc.*, No. 2:14-cv-609, 2015 WL 5177600, at *3-4 (E.D. Va. Sept. 3, 2015); *Patel v. Barot*, 15 F. Supp. 3d 648, 657 (E.D. Va. 2014); *Winningear v. City of Norfolk*, Civ. A. No. 2:12cv560, 2014 WL 3500996, at *6 (E.D. Va. July 14, 2014); *Hargrove v. Ryla Teleservices, Inc.*, No. 2:11cv344, 2013 WL 1897027, at *6 (E.D. Va. Apr. 12, 3013).

In determining reasonable attorneys' fees, the Court must also apply the twelve factors set forth in *Johnson*. *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 266 (4th Cir. 1978) (adopting the twelve factor test used in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). In applying the *Johnson* factors, the Court may subtract a percentage based on the result achieved for the plaintiff. *Grissom*, 549 F.3d at 321 (citing *Johnson v. City of Aiken*, 278

---

[1] The Court notes that Plaintiffs' counsel submitted an affidavit by David S. Dildy, Esq, who merely agrees with the market rate that Plaintiffs' counsel charged. However, Court records indicate that Mr. Dildy has not been associated as counsel in an FLSA matter in the Norfolk Division of the Eastern District of Virginia.

F.3d 333, 337 (4th Cir. 2002)). The Supreme Court has noted that in assessing reasonable attorneys' fees, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 424; *see also Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 244 (2010) (citing this concept in *Hensley* in approving the district court's reduction of attorneys' fees because of the "'modest value' of the successful claims").

At the Settlement Fairness hearing, the Court expressed that a counsel fee of $1.9 million appears excessive given the posture of this case and given that it is six times the overall relief that Plaintiffs' counsel have secured for their clients. Plaintiffs' counsel cites cases reflecting relatively high attorneys' fees compared to the relief obtained. These cases are inapplicable because they involve judgments obtained after bench or jury trials and many in civil rights matters rather than FLSA actions. Further, in the cases Plaintiffs' counsel cite that resulted in a settlement, the courts approved the settlement amount prior to approving attorneys' fees. As discussed above, the Court cannot approve the settlement amount here where the Parties fail to provide support to indicate how the amount was reached and that it is a reasonable settlement amount. The Court also finds that Plaintiffs' counsel has provided inadequate documentation to justify counsel fees of $1.9 million. Therefore, the Court rejects the proposed settlement amount and request for attorneys' fees because of the lack of information to support the amounts requested.

## C. Decertification

The Court has considered the supplemented argument counsel have submitted on the need for decertification as a part of the settlement. The Court finds no persuasive authority to support counsels' request and the need for decertification in order to settle this case or maintain the rights of employees who did not opt-in to the collective.

D. **Pending Motions**

The Court will address the issues regarding the scope of Phase II discovery before or at the initial pretrial conference. Counsel are encouraged to redouble their efforts to resolve some of these discovery disputes. The Courtroom Deputy will contact counsel to schedule an initial pretrial conference.

The Court will resolve the pending motions for summary judgment before the initial pretrial conference. Realizing all litigation ceased upon filing of the Notice of Settlement, if Plaintiffs intend to respond to the pending motions for summary judgment they should file any such response within **FIFTEEN (15) DAYS** from the date of this Order. If Plaintiffs have no opposition to the pending motions for summary judgment they should also advise the Court within **FIFTEEN (15) DAYS** of this Order.

### IV.  CONCLUSION

For these reasons, the Parties' Joint Motion for Approval of Settlement is **DENIED** and Plaintiffs' Unopposed Petition for Approval of Attorneys' Fees and Expenses is **DENIED**. Considering the Court's ruling, the Court encourages counsel to continue settlement negotiations as this case is litigated.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 21, 2015

/s/
Raymond A. Jackson
United States District Judge